The trustees in liquidation of the Admiral Sampson Building and Loan Association contracted to sell several parcels of land. The assignee of the purchaser refuses to accept conveyance of one of the parcels on the ground that the trustees' title is defective. The trustees, asserting that their title is good, petition the court to order the assignee to complete the purchase. In lieu of formal proof, counsel have submitted to me an abstract of the foreclosure record and of the probate proceeding mentioned below.
The trustees make title under a sheriff's sale held pursuant to the final decree in a suit for foreclosure of a mortgage. They filed the foreclosure bill against Hattie Lewis Clark, who was the owner of the mortgaged premises, her husband *Page 293 
and two tenants. Subpoena to answer was served on Mrs. Clark June 8th, 1938. On July 19th, Mrs. Clark died testate. Thereafter, on August 5th, counsel for the trustees, ignorant of her death, took a decree pro confesso against Mrs. Clark and the other defendants, and the cause proceeded as if she were alive, to sale of the premises to the trustees for $50 on November 29th, 1938. Mrs. Clark devised her estate, including the mortgaged premises, to her niece, Ruth Margaret Lowe, in trust for testatrix' mother and three infant grandchildren. The question is whether the title of Miss Lowe and her cestuis que trust has been cut off by the foreclosure decree and sale. None of them were parties to the suit.
An earthly court has no jurisdiction over the dead. Only the living can litigate here. When Mrs. Clark passed away, the foreclosure suit came to an end so far as it concerned her; she was no longer a defendant, even though court and counsel were unaware of the fact. At the same time, by force of her last will and testament, her title devolved on her devisees and they were not parties to the foreclosure or embraced in the final decree. The petitioners, as complainants in foreclosure, had taken the precaution to file a notice of lis pendens. They now argue that the statute, R.S. 2:26-28, makes the foreclosure decree effective against Mrs. Clark's devisees, even though the suit had not been revived against them. The statute provides in substance that one who acquires title from a defendant after the lispendens is filed, shall be bound by the decree as though he had been made a party to the cause. For a careful discussion of the statute, see Wood v. Price, 79 N.J. Eq. 620. But the act does not apply to the situation created by the death of a party or effect in any way the rules concerning abatement and revival. Although those who take title pendente lite are bound by the decree, it must be a valid decree, binding the party from whom the title was derived. In the suit under consideration, the decree was a nullity in so far as it purported to be a decree against Mrs. Clark. It did not bind the persons to whom her title had passed.
In my opinion, Mrs. Clark's devisees have not been foreclosed of their equity of redemption and the trustees' title is not marketable. Their petition will be dismissed, but without costs. *Page 294