261 N.J. Super. 378 (1992)
618 A.2d 937
BRENDA SMITH, PLAINTIFF,
v.
CYNFAX CORPORATION, JOHN DOES A THRU Z, (UNKNOWN PERSONS AND/OR ENTITIES) SAID NAME BEING FICTITIOUS, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Argued October 9, 1992.
Decided November 12, 1992.
*379 Floyd C. Goldsman attorney for plaintiff.
John Methfessel, Sr. attorney for defendants.
YANOFF, J.S.C. (temporarily assigned) (Retired, on recall).
This matter comes before the court on a motion for an order enforcing a disputed settlement agreement. The facts follow:
On November 15, 1990, Mrs. Brenda Smith was injured by a ceiling fall in a building owned by defendant, Cynfax Corporation ("Cynfax"). She immediately retained Floyd C. Goldsman, Esq., who commenced suit.
In January 1992 Mr. Goldsman ascertained that Cynfax was insured by Cumberland Mutual Fire Insurance Company ("Cumberland"). Negotiations began, and on February 4, 1992, *380 Cumberland made a $7,000 settlement offer. Mr. Goldsman contacted the Smith home to notify his client of the offer. He was then made aware that Brenda Smith had died on February 2, 1991, from causes unconnected with this lawsuit.
May 22, 1992, Archie Bolden, husband of the deceased, was appointed the administrator of the estate. Mr. Bolden authorized Mr. Goldsman to accept Cumberland's settlement offer on behalf of the estate of decedent.
Mr. Goldsman forwarded on June 3, 1992, to Cumberland a release and stipulation of dismissal, along with proof of Bolden's appointment as administrator. Cumberland responded with a letter dated June 11, 1992, requesting a copy of Mrs. Smith's death certificate, which Mr. Goldsman promptly provided. Thereupon, in a letter dated July 21, 1992, Cumberland advised Mr. Goldsman that they did not feel bound by any settlement agreement because of Mr. Goldsman's failure to inform them of Mrs. Smith's death.
The Smith estate now moves to enforce the settlement. Cumberland opposes the motion, emphasizing that the alleged agreement is unenforceable due to a mutual mistake regarding a material fact, namely, the erroneous belief that the plaintiff was still alive at the time of the settlement offer. In reply, the estate posits that Cumberland's letter of June 11, 1992 merely requesting a copy of the death certificate, demonstrated Cumberland's intention not to revoke their offer, but, rather, to extend it to Mrs. Smith's estate. In words of counsel for the estate "This conduct constituted an implied waiver of any right of revocation of the settlement agreement and a reaffirmation of said offer to the administrator of the plaintiff's estate, which was duly accepted."
Defendant's assertion of mutual mistake merits discussion. The Appellate Division has held that a settlement is voidable by the disadvantaged party when there has been a mutual mistake "as to a basic assumption on which the contract was made[.]", Lampley v. Davis Mach. Corp., 219 N.J. Super. 540, 549, 530 *381 A.2d 1254 (App.Div. 1987). "Mutual mistake" is not a reason for ruling in favor of defendant because no contract came into being to which that doctrine could apply. There are other reasons for ruling in favor of defendant.
Executors and administrators "may have an action for any trespass done to the person ... of their ... intestate against their trespasser and recover their damages as their intestate would have had if he was living." N.J.S.A. 2A:15-3. Whether the statute means that the representative of decedent has a new cause of action, as the Vice Chancellor says in Prudential Insurance Co. v. Laval, 131 N.J. Eq. 23 at 29, 23 A.2d 908 (Ch. 1942) or the same cause of action is simply transferred to the personal representative (DeHerrera v. Herrera, Wyo., 565 P.2d 479, 482 (1977); Barragan v. Superior Court of Pima County, 12 Ariz. App. 402, 404, 470 P.2d 722, 724 (1970)) is not decisive because the question here is whether an offer of settlement survives the death of the offeree.
This is a contract, not a tort issue. Rule 4:34-1(a) provides:
(a) Party Survivors. In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be noted upon the record and the action shall proceed in favor of or against the surviving parties.
This suggests that the action continues, and is not a new action. Compliance with the Rule upon the death of a party is mandatory. Pressler, "1993 Edition Rules Governing the Courts" p. 1003. Here this was not done. In itself, this bars plaintiff's recovery, at least until suggestion of death upon the record. However, this is a matter of procedure, and I proceed to the question of substantive law which is whether there was a contract to settle the case.
The law as to this is clear. In Restatement [Second] of Contracts § 48 [1981] it is stated under the heading, "Death or Incapacity of Offeror or Offeree":
An offeree's power of acceptance is terminated when the offeree or offeror dies or is deprived of legal capacity to enter into the proposed contract.

*382 ....
Comment.
c. Death or incapacity of offeree. Only the offeree can accept an offer which is not also a contract. See Subsection 52. When the offeree dies or lacks capacity, therefore, acceptance is impossible. Compare Comment b to Subsection 36. By the terms of the offer, however, the personal representative or distributee of the offeree may be made an additional offeree.
In 1 Williston, Contracts Sec. 62, p. 206 [3d ed. 1957], we find:
Termination of Offers by Death. Assuming that the formation of a contract required mutual mental assent of the parties, and offer and acceptance were merely evidence of such assent, it would be obviously impossible that a contract should be formed where either party to the transaction died before this assent was obtained. That such assent was formerly thought necessary seems probable, and as to death, this theory is still maintained. Accordingly, it is generally held that the death of the offeror terminates the offer. Since an offer can be accepted only by the person to whom it is made, the death of the offeree also has the effect of precluding the possibility of a contract, as does the destruction of the subject-matter.
Many cases are cited in support, no New Jersey case among them, but there is no reason to conclude that New Jersey will not follow virtually unanimous authority which is correct on analysis.
It is undisputed in this case that defendant made a settlement offer of $7,000. The dispositive issue is whether anyone was capable of accepting that offer. Neither Mr. Goldsman nor Mr. Bolden ever stood in the shoes of the deceased for the purpose of accepting Cumberland's offer since the offeree was dead when the offer was made.
The offer was made to Brenda Smith, not her estate. As Mrs. Smith's attorney, Mr. Goldsman was an agent of his client. In order for Mr. Goldsman to have accepted the settlement offer, his agency must have survived the death of his client and his action must have been within the scope of the agency. An attorney does not have authority to settle a claim without express authority. Clarkson v. Selected Risks Insurance Company, 170 N.J. Super. 373, at 379, 406 A.2d 494 (Law Div. 1979); Cf. Matter of Advisory Comm. on Pro. Ethics, 125 N.J. 181, 592 A.2d 1210 (1991). The retainer agreement here *383 did not authorize the lawyer to settle. I am dubious that it could have, with propriety. Mr. Goldsman did not have authority to accept the offer on behalf of Brenda Smith.
Mr. Goldsman's agency immediately ceased when his client died. It makes no difference that the settlement negotiations were undertaken in good faith and in ignorance of Mrs. Smith's death. A general principle of agency is that the death of the principal terminates the authority of the agent. Restatement [Second] of Agency, § 120(1) [1958]. Knowledge of the principal's death only becomes an issue where the agency is derived from a written power of attorney. See N.J.S.A. 46:2B-9.[1]
An agency coupled with an interest survives the principal, even after notice of his death. Durbrow v. Eppens, 65 N.J.L. 10, 46 A. 582 (1900). This requires that the agent have some interest, such as a security interest, in the subject matter of the agency independent of the power conferred upon him by the principal. Sarokhan v. Fair Lawn Hospital, Inc., 83 N.J. Super. 127, 136, 199 A.2d 52 (App.Div. 1964). An interest merely in "the proceeds which will arise from the exercise of the power" of the agency is not sufficient for this purpose. Id. quoting 3 Am.Jur.2d, Agency, § 62. Mr. Goldsman's agency was controlled by an agreement which provided that "the law firm will protect your legal rights and do all necessary legal work to represent you in this matter" in exchange for a percentage contingency fee. This created an interest in the proceeds of a successful exercise of the powers of the agency, not in its subject matter. An attorney's contingent fee contract creates an agency which is not coupled with an interest, and which terminates upon the death of the principal. See Procanik *384 v. Cillo, 206 N.J. Super. 270, at 283, 502 A.2d 94 (L.Div. 1985); see Mubi v. Broomfield, 108 Ariz. 39, 42, 492 P.2d 700, 703 (1972). I conclude that the lawyer's authority to settle terminated with the client's death.
Motion denied. Counsel for defendant should submit an appropriate order pursuant to the Rule.
NOTES
[1] Some jurisdictions have also recognized an exception when monies are paid to an agent in the ignorance of the principal's death. See 67 A.L.R. 1419. There is an exception, also, for banking transactions and negotiable instruments. See N.J.S.A. 12A:4-405.