The plaintiff, Kent Corporation, petitions this Court for a writ of mandamus directing the Honorable William A. Jackson of the Circuit Court of Jefferson County, among other things, to vacate his order of November 4, 1993, compelling arbitration on its claims against Unisys Corporation and Steve Kittleson (hereinafter collectively referred to as "Unisys") alleging fraud, breach of contract, breach of a duty of good faith and fair dealing, and extortion. We deny the writ.
Alabama Code 1975, § 8-1-41(3), prohibits the enforcement of predispute agreements to arbitrate. Alabama caselaw, likewise, prohibits the enforcement of such agreements. See Wells v.Mobile County Bd. of Realtors, Inc., 387 So.2d 140 (Ala. 1980). However, if a written agreement calls for arbitration and the agreement is based on a transaction involving interstate commerce, then under the Federal Arbitration Act, 9 U.S.C. § 1et seq. ("FAA"), the arbitration agreement may be enforceable. See Henderson v. Superior Insurance Co., 628 So.2d 365 (Ala. 1993); Maxus, Inc. v. Sciacca, 598 So.2d 1376 (Ala. 1992). "[I]n regard to arbitration clauses to which it applies, [the FAA] preempts state laws that would bar enforcement." Hendersonv. Superior Insurance Co., at 367; see Ex parte Alabama OxygenCo., 452 So.2d 860 (Ala. 1984) (approving Justice Maddox's dissent in Ex parte Alabama Oxygen Co., 433 So.2d 1158, 1168-76
(Ala. 1983)). The standard for evaluating whether the FAA compels arbitration in Alabama is " '[W]hether at the time [the parties] entered into [the contract] and accepted the arbitration clause, they contemplated substantial interstate commerce.' " Ex parte Warren, 548 So.2d 157 (Ala.), cert.denied, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989), 548 So.2d at 160, quoting Metro Industrial Painting Corp. v.Terminal Construction Co., 287 F.2d 382, 387 (2d Cir.), cert.denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961). SeeHenderson v. Superior Insurance Co., supra; Lopez v. HomeBuyers Warranty Corp., 628 So.2d 361 (Ala. 1993); Ex parteJones, 628 So.2d 316 (Ala. 1993); Continental Grain Co. v.Beasley, 628 So.2d 319 (Ala. 1993).
The evidence in this case, presented ore tenus, established the following: Kent is an Alabama corporation whose only place of business is in Alabama. Unisys is a Delaware corporation headquartered in Pennsylvania. Kent contracted with Unisys for the sale and licensing of computer hardware and software and for the provision of a support system for the computer software through a telephone "hot line," which used interstate telephone lines. All of Kent's negotiations with the sales representatives of Unisys took place in Alabama; and the contract and the agreements made the basis of this action were entered into in Alabama. The contract provided for the arbitration of "any controversy or claim arising out of or related to this Agreement or the breach thereof." Section 21.1. The contract also provided that the laws of Pennsylvania would govern and that all notices to Unisys would be directed to Unisys in Pennsylvania. The computer system and all of the equipment Kent purchased from Unisys were customized for Kent's needs, were assembled and built out of state, and then were shipped to Kent's place of business in Alabama. The computer was used at all times in Alabama, and any problems with the computer system were handled by local technicians. Using the computer to generate, issue, and mail the necessary invoices, purchase orders, and checks across state lines, Kent purchased raw materials throughout the United States and sold its products throughout the United States. The telephone "hotline," for which Kent agreed to pay $11,000 per year or $55,000 for the initial 5-year term of the contract for this service, allowed Kent to call, 24 hours a day, to Unisys's computer support consultants and "troubleshooters" in Pennsylvania, with all calls terminating at Unisys's office in Pennsylvania. Through a verified pleading, Kent asserted that the telephone "hotline" was a fundamental and necessary service to its business; and Kent's witnesses testified that the telephone "hotline" service was a necessary and integral part of Kent's ability to use the Unisys-supplied computer hardware and software.
When a trial court's judgment is based on ore tenus evidence, as Judge Jackson's judgment was, we will presume that that judgment is correct; and we will reverse *Page 244 
that judgment only if, after considering all of the evidence and after making all inferences that can logically be made from the evidence, we find the judgment to be clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. See Griggs v. Driftwood Landing,Inc., 620 So.2d 582 (Ala. 1993); see, also, King v. TravelersIns. Co., 513 So.2d 1023 (Ala. 1987); Robinson v. Hamilton,496 So.2d 8 (Ala. 1986). However, if the trial court improperly applies the law to the facts, no presumption of correctness exists as to the trial court's judgment. See Griggs, supra.
Based on the record before us, we cannot say that the trial court's judgment was not supported by the evidence and was clearly erroneous. Rather, we hold there was sufficient evidence from which the trial court could have determined that Kent and Unisys contemplated substantial interstate activity when they entered into the contract; therefore, the FAA applies, and the trial court properly compelled arbitration. See Continental Grain Co. v. Beasley, supra.
We note Kent's argument that the trial court erred in dissolving the temporary restraining order and denying its request for permanent injunctive relief. Suffice it to say that based on the evidence before us we cannot hold the trial court in error.
WRIT DENIED.
HORNSBY, C.J., and ALMON, KENNEDY and COOK, JJ., concur.