RICHARD L. HOLMES, Retired Appellate Judge.
Gregerson’s Foods, Inc. (Gregerson’s), filed the present action, wherein it requested that the trial court determine, under the terms of the agreement executed by the parties on June 15, 1992, whether the dispute between Gregerson’s and FHL Capital Corporation (FHL) was subject to arbitration and whether FHL is entitled to compensation from Gregerson’s.
FHL filed an answer, wherein it contended that the claims asserted by Gregerson’s are subject to binding arbitration under the terms of the agreement between the parties and that FHL is entitled to compensation from Gregerson’s. FHL also filed a motion to compel arbitration and a motion for an order staying the action pending arbitration. In addition, the affidavit of H. Jack Callaway IV, the managing director of FHL, was filed in support of the motion to compel arbitration, and the affidavit of Peter V. (Greg) Gregerson, Jr., the president of Gregerson’s, was filed in opposition to the motion to compel arbitration.
The trial court held a hearing on the motion to compel arbitration. Thereafter, the trial court issued an order, compelling the parties to submit immediately to binding arbitration and staying further proceedings in the case pending arbitration.
Gregerson’s filed a motion for reconsideration or, in the alternative, a motion for a new trial or, in the alternative, a motion to make the order a final appealable order pursuant to Rule 54(b), A.R. Civ. P. After a hearing, the trial court granted the motion to make the order a final appealable order pursuant to Rule 54(b) and denied the remaining motions.
Gregerson’s appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue on appeal is whether the trial court erred when it issued its order compelling the parties to submit all claims arbitrable under the agreement executed on June 15, 1992, to binding arbitration.
On appeal Gregerson’s contends that FHL waived its right to compel arbitration when it filed a cause of action in Jefferson County and that the trial court erred when it issued its order compelling arbitration because, according to Gregerson’s, the parties did not *474 contemplate substantial interstate commerce at the time that the agreement was executed.
In its first contention, Gregerson’s is claiming that FHL waived its right to compel arbitration. In order to establish such a waiver, Gregerson’s must meet a heavy burden. Ex parte McKinney, 515 So.2d 693 (Ala.1987). Gregerson’s must prove not only that the litigation process was substantially invoked by FHL but also that this resulted in a substantial prejudice to Gregerson’s. Ex parte McKinney, 515 So.2d 693.
In its second contention, Greger-son’s points out that under Alabama statutory and case law, predispute arbitration agreements are unenforceable unless federal law preempts state law. Ex parte Kent Corp., 641 So.2d 242 (Ala.1994). The Federal Arbitration Act (FAA) applies and preempts state law if the contract involved interstate commerce and contained an arbitration clause voluntarily executed by the parties. Ex parte Kent Corp., 641 So.2d 242. In order to determine whether the FAA applies in a particular case, it must be determined whether the parties contemplated substantial interstate commerce at the time the agreement was executed. Ex parte Kent Corp., 641 So.2d 242. Gregerson’s contends that substantial interstate commerce was not contemplated by the parties at the time that the agreement was executed, while FHL contends that it was.
Our review of the record reveals the following pertinent facts: Gregerson’s is a closely-held corporation, which operates several grocery stores in Alabama. FHL is an Alabama corporation designed to bring potential buyers and sellers of privately-owned businesses together. On June 15, 1992, Gre-gerson’s executed an agreement with FHL, which provided in pertinent part:
“[FHL will provide] assistance with regard to the preparation of a strategic plan (the ‘Plan’) which may result in the sale of all or a portion of [Gregerson’s] by sale of assets or stock or by merger, the acquisition by [Gregerson’s] of another business entity or some other financial restructuring of [Gregerson’s] (all of the foregoing being the ‘Transaction’) and, subject to [FHL’s] continuing due diligence, [FHL] agree[s] to act as [Gregerson’s] financial advisor in connection with the Transaction. ...
[[Image here]]
“... Any controversy between [Greger-son’s] and FHL (or any of FHL’s officers, directors, agents or employees) arising out of this Agreement or the performance or breach of the Agreement, shall be settled by arbitration in accordance with the applicable state or federal arbitration statutes.”
The present controversy arose when Gre-gerson’s refused to compensate FHL under the terms of the agreement after a transaction transpired between Gregerson’s and Super Valu which accomplished the goals desired by Gregerson’s when it executed the agreement with FHL. Gregerson’s contended that the transaction with Super Valu was excluded from the agreement of June 15, 1992. FHL requested that the matter be submitted to arbitration under the terms of the agreement.
Thereafter, Gregerson’s filed the present action on August 16,1993, in Etowah County, Alabama, and mailed copies of the complaint to the attorney for FHL. FHL filed a complaint in Jefferson County, Alabama, on August 23, 1993. The record reveals that the attorneys for FHL were under the impression that the complaint received in the mail from Gregerson’s had not been filed when the action was filed in Jefferson County, Alabama. In any event, the action filed in Jefferson County, Alabama, was promptly dismissed, and the matter proceeded in Eto-wah County, Alabama.
In view of the above, we cannot say that FHL substantially invoked the litigation process when it filed its action in Jefferson County, Alabama, or that, as a result, Gre-gerson’s was substantially prejudiced. Therefore, Gregerson’s has failed to meet its burden of establishing that FHL waived its right to compel arbitration when it filed the action in Jefferson County, Alabama.
Our review of the record also reveals that although the affidavit of the president of Gregerson’s indicates that he contemplated that the potential investor provided by FHL *475 would be someone local, the affidavit of Cal-laway and the testimony of Kenneth Fowler, an employee of FHL who was involved in the negotiation of the agreement with Greger-son’s, indicate that during the negotiation process, representatives of Gregerson’s were made aware that the majority of the potential investors and industry buyers were located out of state. Consequently, the trial court could have determined that the parties contemplated substantial interstate activity when the agreement was executed.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.