This appeal challenges an award of fees for an attorney's efforts in recovering a tract of real property for an estate. Various beneficiaries of the estate argue that the personal representative of the estate had no authority to employ the attorney to recover the real property for the estate and that the fee she agreed upon (one-third of the sales price of the property) was excessive. The trial court awarded the attorney the agreed-upon fee. We affirm.
At her death in 1986, Ruthie McCormack, a Tennessean, owned a 333-acre farm in Limestone County, Alabama. Although she had executed a deed to convey the farm to her nieces and nephews, she never delivered the deed. Immediately after McCormack's death, one of her nephews, Clint Smelser, took the undelivered deed from her purse and had it recorded in the Limestone County Probate Court.
Lazetta White was named in McCormack's will as executrix of her estate. In 1987, when she discovered Clint Smelser's attempt to take the property from the estate, White retained Jere Trent, an attorney practicing law in Athens, Alabama. Trent agreed to attempt to recover the farm for the estate. In return, White agreed to pay Trent a fee equal to one-third of the sales proceeds of the property if that property was retrieved for the estate.[1] In March 1991, Trent's efforts to set aside the deed culminated in a court order vesting title to the farm in the estate.
In December 1991, Clint Smelser attempted to sell the property to an acquaintance for approximately $160,000. Trent intervened, stopped the sale, and had the property sold at auction for approximately $470,000. The trial court placed these proceeds in an interest-bearing account for the benefit of the estate. However, several beneficiaries, including the personal representative, White, contested Trent's fee.
After an ore tenus proceeding, the trial court awarded Trent a fee equal to one-third of the proceeds. We review that award only for plain and palpable error. Ex parte Pielach,681 So.2d 154 (Ala. 1996) (citing Federal Home Loan MortgageCorp. v. Bates, 644 So.2d 925 (Ala. 1994)). In our review, we give a strong presumption of correctness to the trial court's findings, and we may not substitute our judgment for that of the trial court. Ex parte Kent Corp., 641 So.2d 242 (Ala. 1994).
On appeal, the beneficiaries of the estate first contend that White had no authority in 1987 to agree that the estate would pay Trent a one-third contingent fee; White did not receive her letters testamentary until 1991.[2] The fact that a personal representative does not receive letters testamentary until after he has conducted business on behalf of the estate does not affect the validity of his act, because the letters testamentary relate back to the time of the decedent's death.[3]McAleer v. Cawthon, 215 Ala. 674, *Page 1096 
675-76, 112 So. 251, 253 (1927); Nance v. Gray, 143 Ala. 234,38 So. 916 (1905).[4] Further, a personal representative who ultimately receives letters testamentary has the power to hire attorneys to assist him in the administration of the estate.Crossley v. Davies, 253 Ala. 275, 276, 44 So.2d 439, 440
(1950). Thus, in 1987, White had full legal authority to hire Trent.
The beneficiaries next contend that White could not employ Trent to recover the farm for the estate because the farm was not part of the estate at the time White contracted with Trent. The beneficiaries argue that the farm automatically devolved to the heirs upon McCormack's death. Although real property generally passes directly to the beneficiaries upon the decedent's death, see Cotton v. Holloway, 96 Ala. 544,12 So. 172 (1892), it is the well-settled law of this state that a personal representative can "recover possession of his decedent's lands from any person who does not show a termination of the decedent's title or a better title in himself," Layton v. Hamilton, 214 Ala. 329, 330, 107 So. 830,830-31 (1926) (citations omitted). Trent's efforts to recover the farm resulted in the court's holding that Clint Smelser's title was void and that valid title to the farm was vested in the estate. At the point valid title to the farm was vested in the estate, the estate was liable to Trent for the attorney fee incurred in recovering that property.[5]
Last, the beneficiaries assert that the amount of the attorney fee in this case, one-third of the sales price of the farm, was excessive. We have previously upheld a one-third contingent fee arrangement calling for a court's approval. Mills v. Neville, 443 So.2d 935, 938 (Ala. 1983). In the ore tenus proceeding, the trial court heard testimony regarding the nature and extent of Trent's work (over four years of legal representation), the amount involved (approximately $470,000), and the results obtained (recovery of the farm), and then ordered payment of the one-third fee.[6]
Although the agreed-upon fee was large, our review of the record indicates that the trial court did not err in determining that the fee was neither unconscionable nor otherwise excessive.
Based on the foregoing, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and BUTTS, JJ., concur.
COOK, J., concurs in the result.
[1] Although the contingent fee arrangement in this case was not reduced to writing, as required by Rule 1.5(c), Alabama Rules of Professional Conduct, White confirmed it in writing. Further, White never disputed that she did, in fact, agree to the one-third contingent fee. Because the appellants do not question whether the absence of a writing invalidated the contingent fee agreement, we do not address that issue. Boshellv. Keith, 418 So.2d 89, 92 (Ala. 1982).
[2] McCormack's will had previously been probated in Tennessee. Trent assisted White in probating the will and being appointed personal representative in Alabama in 1991.
[3] An American Law Reports annotation states:
 "The doctrine of relation [back] . . . is a legal fiction invented to bridge the interval that must necessarily elapse between the death of the owner of property and the orderly appointment of a person to care for and distribute it to whosoever may be entitled to it.
". . . .
 "The doctrine that whenever letters of administration or testamentary are granted, they relate back to the intestate's or testator's death is an ancient one. It is fully 500 years old. . . .
 "The doctrine has been accepted with virtual unanimity, since it was promulgated, in a long line of cases."
Annotation, Relation Back of Letters Testamentary or ofAdministration, 26 A.L.R. 1359, 1360 (1923) (citing Nance v.Gray, 143 Ala. 234, 38 So. 916 (1905), and Blackwell's Adm'r v.Blackwell's Distributees, 33 Ala. 57 (1858)).
[4] Alabama recently codified the centuries-old doctrine of the relation back of the authority of a personal representative of an estate. Ala. Code 1975, § 43-2-831, states in pertinent part:
 "The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter."
Section 43-2-831, which is effective for probate proceedings begun on or after January 1, 1994, does not govern the estate in this case, because it was probated in Alabama in 1991. Ala. Acts 1993, No. 93-722, §§ 25, 28.
[5] Fees payable to the attorney for an estate, when the attorney's services are for the common benefit of the interested parties, may be derived directly from the assets of the estate. Wilkinson v. McCall, 247 Ala. 225, 23 So.2d 577,580 (1945).
[6] See Peebles v. Miley, 439 So.2d 137 (Ala. 1983) (using the nature and length of the representation, the amount involved, the results obtained, and other factors to assess the reasonableness of attorney fees).