829 So.2d 170 (2002)
ESTATE OF Bill Wright JONES
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
2000996.
Court of Civil Appeals of Alabama.
March 8, 2002.
L. Brian Chunn of Stone, Granade & Crosby, P.C., Bay Minette, for appellant.
James W. Killion and Roger C. Guilian of Killion & Associates, P.C., Mobile, for appellee.
CRAWLEY, Judge.
The estate of Bill Wright Jones sued State Farm Mutual Automobile Insurance *171 Company, alleging that State Farm had breached a settlement contract. The suit resulted from an automobile accident involving Jones, which occurred in Georgia in August 1998. As a result of the accident, Jones suffered personal injuries. Jones, without having filed any claims with respect to his personal injuries, died on December 6, 1998, from causes unrelated to the accident. On December 7, 1998, State Farm contacted Jones's attorney to settle the case for $25,000. Neither the State Farm agent nor Jones's attorney was aware of Jones's death. Jones's attorney accepted the offer.
On December 8, 1998, the State Farm agent and Jones's attorney learned that Jones had died. The State Farm agent first indicated to Jones's attorney that State Farm would pay the settlement proceeds to Jones's personal representative, but State Farm then refused to pay anything.
Jones's estate sued State Farm, alleging breach of a settlement agreement. State Farm moved for a summary judgment, and, after initially denying the motion, the trial court granted the motion. Jones's estate appeals; it argues that there was a valid settlement agreement, which State Farm breached.
The pertinent facts in this case are undisputed. Therefore, we review the circuit court's application of the law to the facts to determine whether State Farm was entitled to a judgment as a matter of law. See Carpenter v. Davis, 688 So.2d 256, 258 (Ala.1997). No presumption of correctness attaches to the decision of a trial court on a summary-judgment motion; our review is de novo. See Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala.1992).
State Farm argues that the settlement agreement was not enforceable and that it, therefore, was not breached because no tort claim was filed while Jones was alive, and because, it says, Jones's attorney therefore had no claim to settle on December 7, after Jones died. It also argues that the authority of Jones's attorney to settle the claim terminated with Jones's death. We agree.
"The general rule is that under Ala.Code 1975, § 6-5-462, an unfiled tort claim does not survive the death of the person with the claim." Malcolm v. King, 686 So.2d 231, 236 (Ala.1996). In addition, "an attorney's authority to act on behalf of a client ceases on the death of that client." See Brown v. Wheeler, 437 So.2d 521, 523 (Ala.1983), overruled on other grounds, Hayes v. Brookwood Hosp., 572 So.2d 1251 (Ala.1990); Matthews v. Matthews, 599 So.2d 1218, 1220 (Ala.Civ.App.1992), overruled on other grounds, Kissic v. Liberty Nat'l Life Ins. Co., 641 So.2d 250 (Ala. 1994). See generally 1 Williston, Contracts, § 62 at 206 (3d ed.1957) (explaining that "[s]ince an offer can be accepted only by the person to whom it is made, the death of the offeree ... has the effect of precluding the possibility of a contract").
In a New Jersey decision almost directly on point, the New Jersey Superior Court held that a lawyer's authority to settle his client's unfiled personal injury claim terminated upon the client's death. See Smith v. Cynfax Corp., 261 N.J.Super. 378, 618 A.2d 937 (1992). The court stated:
"It is undisputed in this case that [the tortfeasor's insurance company] made a settlement offer of $7,000. The dispositive issue is whether anyone was capable of accepting that offer. Neither [Smith's lawyer] nor [Smith's husband] ever stood in the shoes of the deceased [Smith] for the purpose of accepting [the insurance company's] offer since the offeree was dead when the offer was made.

*172 "The offer was made to Brenda Smith, not her estate. As Mrs. Smith's attorney, Mr. Goldsman was an agent of his client. In order for Mr. Goldsman to have accepted the settlement offer, his agency must have survived the death of his client....
"Mr. Goldsman's agency immediately ceased when his client died. It makes no difference that the settlement negotiations were undertaken in good faith and in ignorance of Mrs. Smith's death. A general principle of agency is that the death of the principal terminates the authority of the agent. Restatement (Second) of Agency, § 120(1) [(1958)]. Knowledge of the principal's death only becomes an issue where the agency is derived from a written power of attorney."
Smith v. Cynfax Corp., 261 N.J.Super. at 382, 618 A.2d at 939.
The estate argues that Jones's attorney and the State Farm agent renegotiated a settlement on December 8, after they learned of Jones's death and that State Farm agreed to make a settlement draft payable to Jones's estate. That argument is unavailing. It is undisputed that on December 8 no estate had been established. Moreover, even if an estate had been in existence, Jones's attorney had not been retained to represent the estate and, therefore, would have had no authority to agree to a settlement on behalf of the estate. See Blackwell v. Adams, 467 So.2d 680 (Ala.1985).
The judgment of the circuit court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
MURDOCK, Judge, concurring in the result.
I generally agree with the analysis of the majority, with the exception of the final paragraph of that analysis. The estate argues that on December 8, after State Farm had learned of Jones's death, State Farm renegotiated the settlement in question and agreed to make a settlement draft payable to Jones's estate. Jones's daughter, his lone heir, ultimately was appointed personal representative of Jones's estate. She testified that she spoke with Jones's attorney after Jones's death and authorized the attorney to proceed with the renegotiation of the settlement. The trial court found that "she, as subsequent personal representative of Mr. Jones's estate, ratified the authority on behalf of the attorney, at the time of the settlement."
The existence of a decedent's estate and whether probate administration thereof is required, or has been commenced, arguably are separate issues. See generally Ala.Code 1975, §§ 43-2-831 and 43-8-1(8); Smelser v. Trent, 698 So.2d 1094, 1095-96 (Ala.1997); McAleer v. Cawthon, 215 Ala. 674, 675-76, 112 So. 251, 253 (1927); 33 C.J.S. Executors and Administrators §§ 4 and 5. In this case, I see no need to address the issue whether the decedent's estate was in existence on December 8, at the time the settlement was renegotiated. The estate does not rely upon an argument that the decedent's estate existed at that time. Nor does the estate rely upon § 43-2-831, Ala.Code 1975, which provides:
"The duties and powers of a personal representative commence upon appointment. The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. Prior to appointment, a person named personal representative *173 in a will may carry out written instructions of the decedent relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative."
(Emphasis added.)
In light of the foregoing, I concur in the result reached by the majority.