WOODALL, Justice.
Notice of this appeal was filed on January 23, 2002, by an attorney purporting to represent Charles McRae, who died in November 2000.[1] We dismiss the appeal.
This “appeal” purports to be from the denial on January 10, 2002, of a post-judgment motion, challenging a judgment entered on December 11, 2001, which, among other things, set aside a judgment entered on November 4, 1999, “quieting title” in Charles McRae to certain real estate in Barbour County. The attorney who filed the notice of appeal in this case represented McRae in that original action. Throughout these proceedings, no suggestion of death has been filed and no substitution of parties has been made. See Ala. R. Civ.App. 25(a); Ala. R.App. P. 43.[2]
It is a general rule that “ ‘an attorney’s authority to act on behalf of a client ceases on the death of that client.’ ” Estate of Jones v. State Farm Mut. Auto. Ins. Co., 829 So.2d 170, 171 (Ala.Civ.App.2002) (quoting Brown v. Wheeler, 437 So.2d 521, 523 (Ala.1983), overruled on other grounds, Hayes v. Brookwood Hosp., 572 So.2d 1251 (Ala.1990)). See also Kissic v. Liberty Nat’l Life Ins. Co., 641 So.2d 250, 251 (Ala.1994); McDonald v. Womack, 107 So. 812, 214 Ala. 309 (1926).
The fact that the person purporting to file the notice of appeal is deceased is “not just ‘a mere irregularity, but a complete and radical defect.’ ” Brantley v. Fallston Gen. Hosp., Inc., 333 Md. 507, 511, 636 A.2d 444, 446 (1994) (quoting Owings v. Ornngs, 3 G. & J. 1, 4 (Md.1830)). Such a notice of appeal fails to invoke the appellate jurisdiction of this Court. See McMillan, Ltd. v. Warrior Drilling & Eng’g Co., 512 So.2d 14, 20-21 (Ala.1987). Thus, where it is undisputed that the appellant was deceased when the notice of appeal was filed, this Court will dismiss the appeal ex mero motu. Because the notice of appeal purportedly filed by Charles McRae was a nullity, we dismiss the appeal.
APPEAL DISMISSED.
MOORE, C.J., and HOUSTON, LYONS, and JOHNSTONE, JJ., concur.

. This case does not involve a situation where a purported appellant dies shortly before the deadline for filing a notice of appeal.

. "Rule 43 applies to substitution when the death of a party occurs during the pendency of an appeal.” McMillan, Ltd. v. Warrior Drilling & Eng’g Co., 512 So.2d 14, 21 (Ala.1987).