I concur fully in Part III of the main opinion, in which the majority holds that the Club's appeal was timely. However, I respectfully dissent from the holding that the Club is entitled to a judgment as a matter of law.
The record clearly reflects that the Club was well aware of Peter Crenshaw's violent propensities long before Mary Elizabeth Vaughn was killed. Ala. R.App. P. 28(a)(7) clearly required the Club to provide in its appellate brief "[a] full statement of facts relevant to the issues presented for review." However, the Club presented no facts concerning Crenshaw's history of violence. Having chosen to ignore those facts, the Club made no argument that those facts were insufficient to support the verdict for the Vaughns. Instead, after citing general authority relevant to the issues raised, the Club argued only that "[a]lthough there had been two prior shootings outside of the Club, the circumstances of those shootings would not lead to the conclusion that the shooting resulting in the death of [Mary Vaughn] was foreseeable." The Club's brief, at 20. Therefore, I would affirm the judgment of the trial court, because the Club waived the sufficiency-of-the-evidence-of-violent-propensities issue by failing to argue that issue in its brief. See Moore v.Prudential Residential Servs. Ltd. P'ship, 849 So.2d 914, 923
(Ala. 2002); Smelser v. Trent, 698 So.2d 1094, 1095 n. 1 (Ala. 1997).
LYONS, J., concurs.