PARKER, Justice.
I.
On the morning of September 15, 1963, a Sunday, 11-year-old Denise McNair and Addie Mae Collins, Carole Peterson, and Cynthia Wesley, all 14 years old, were in the basement of the Sixteenth Street Baptist Church in Birmingham, Alabama, changing into their choir robes. At 10:19 a bomb exploded, killing these four children and injuring 20 other people.
In 1977, Robert Chambliss was convicted of the girls’ murder and was sentenced to life in prison. In 2001, a second participant, Thomas Blanton, Jr., was convicted of their murder and was sentenced to life in prison. On May 22, 2002, nearly 39 years after the bombing, a third participant, Bobby Frank Cherry, was finally convicted of four counts of murder stemming from his involvement in the bombing.
*394 The Alabama Court of Criminal Appeals affirmed Cherry’s convictions on October 1, 2004. Cherry v. State, 933 So.2d 377 (Ala.Crim.App.2004). Cherry applied for a rehearing, which the Court of Criminal Appeals denied by an order issued on November 19, 2004, unaware that Cherry had died on the previous day. On November 19, 2004, Cherry’s counsel filed a “Suggestion of Death and a Motion for Remand to Vacate Convictions.”
On December 17, 2004, the Court of Criminal Appeals withdrew its November 19 decision denying the application for rehearing, dismissed the application for rehearing as moot, and denied the motion filed by Cherry’s counsel for remand to the trial court to vacate Cherry’s convictions. Cherry v. State, 933 So.2d 377, 387 (Ala. Crim.App.2004) (opinion on rehearing). On January 3, 2005, counsel for Cherry filed a second application for rehearing, which the Court of Criminal Appeals denied on January 21, 2005. On January 3, 2005, counsel for Cherry also filed a petition for a writ of prohibition with this Court challenging the Court of Criminal Appeals’ jurisdiction to issue its December 17, 2004, opinion.
During this time period, on December 3, 2004, counsel for Cherry filed a petition for writ of certiorari in this Court. This Court denied the petition, without an opinion (no. 1040342), and issued a certificate of judgment on January 7, 2005. On January 11, 2005, Cherry’s counsel filed in that appeal a motion to clarify, arguing that the certificate of judgment was silent as to the alternative requests for relief contained in the December 3 petition.
On February 4, 2005, Cherry’s counsel again petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals’ decision that Cherry’s death did not render his convictions void ab initio. He argues on appeal that the convictions were never final because Cherry died before the Court of Criminal Appeals denied his application for rehearing of its decision affirming those convictions.
II.
Cherry is deceased. Consequently, he is beyond the jurisdiction of this temporal Court. As this Court stated in McRae v. Johnson, 845 So.2d 784, 785 (Ala.2002):
“The fact that a person purporting to file the notice of appeal is deceased is ‘not just “a mere irregularity, but a complete and radical defect.” ’ Such a notice of appeal fails to invoke the appellate jurisdiction of this Court. Thus, where it is undisputed that the appellant was deceased when the notice of appeal was filed, this court will dismiss the appeal ex mero motu.”
(Internal citations omitted.) See also Estate of Bell v. Bell, 598 So.2d 917 (Ala.Civ. App.1991) (counsel for deceased had no standing to file a motion in the trial court without a substitution of parties). The petitions for the writ of certiorari and pro-
1040646 — DISMISSED.
1040474 — DISMISSED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, and SMITH, JJ., concur.