NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2181-19T1

CAROLYN REPKO,

      Plaintiff-Respondent,

v.

OUR LADY OF LOURDES
MEDICAL CENTER, INC.,

      Defendant-Appellant.

_____

**APPROVED FOR PUBLICATION**

**August 13, 2020**

**APPELLATE DIVISION**

Argued telephonically April 21, 2020 -
Decided August 13, 2020

Before Judges Fisher, Accurso and Gilson.

On appeal from an interlocutory order of the Superior
Court of New Jersey, Law Division, Camden County,
Docket No. L-3559-18.

Michael William Horner argued the cause for
appellant (White and Williams LLP, attorneys; James
Daniel Burger and Michael William Horner, on the
brief).

Stephen Wayne Guice argued the cause for
respondent.

The opinion of the court was delivered by

ACCURSO, J.A.D.

We granted defendant Our Lady of Lourdes Medical Center, Inc. leave to appeal orders denying its motion to dismiss the complaint filed in the name of plaintiff Carolyn Repko ten months after her death and granting the motion of her estate to amend the complaint to substitute itself as plaintiff after the running of the statute of limitations. Because a complaint by a dead person is a nullity, leaving nothing for an amended complaint to "relate back" to under Rule 4:9-3, we reverse.

Because the timeline is everything in this case, we start there. In the course of picking up her son-in-law after surgery in September 2016, the decedent, Carolyn Repko, fell on the front steps at Lourdes, fracturing her nose and receiving a cut over her eye, as well as several other injuries. Three days later, she retained counsel to file suit on her behalf.

Repko died from unrelated causes in December 2017, fifteen months after her fall. Repko's counsel filed suit in her name in September 2018, shortly before the running of the statute of limitations, not knowing she had died nine months earlier. After Repko's counsel granted Lourdes an extension, it filed an answer in November 2018 and promptly served discovery. When Repko did not respond to her counsel's letters, counsel searched public records in February 2019, and discovered Repko had died over a year before.

Counsel wrote to Repko's son in March and April 2019, eventually securing his agreement to continue the case.  In September 2019, three years after the accident and twenty-one months after Repko's death, her son sent counsel a death certificate and Letters Testamentary.  Repko's will had been admitted to probate in March 2018 and Letters Testamentary issued to her son at that time.

Counsel advised Lourdes of Repko's death in September 2019 and sought consent to amend the complaint.  Lourdes refused, maintaining the complaint was a nullity because Repko was already many months dead when it was filed.

Repko's counsel, now representing her estate, moved to amend the complaint in October 2019.  Lourdes cross-moved to dismiss the action.  The judge acknowledged that a dead person has no legal standing to bring a lawsuit, but ruled the decedent's estate was entitled to "an equitable tolling of the statute until the plaintiff's counsel finds out about the death and moves to amend the complaint."  The judge noted that if Repko had died "an hour after filing," Rule 4:9-3 would permit the amendment to relate back, yet "if death occurs an hour before filing," not allowing the amended pleading to relate back would mean "that's the end of the case."  Ruling the result should not

"depend[] upon those types of fortuities," the judge granted the estate's motion to amend the complaint and denied Lourdes' motion to dismiss the action.

Because the question presented, whether decedent's estate could avoid the running of the statute of limitations by having its amended complaint relate back to the complaint filed in the decedent's name nine months after her death, is solely a question of law, our review is de novo. See Mejia v. Quest Diagnostics, Inc., 241 N.J. 360, 370-71 (2020).

In our view, this issue is simply one of standing, succinctly defined by the Connecticut Supreme Court as "the legal right to set judicial machinery in motion." Eder Bros. v. Wine Merchs. of Connecticut, Inc., 880 A.2d 138, 143 (Conn. 2005) (quoting Gay & Lesbian Law Students Ass'n v. Bd. of Trs., 673 A.2d 484, 491 (Conn. 1996)); N.J. Citizen Action v. Riviera Motel Corp., 296 N.J. Super. 402, 409 (App. Div. 1997) ("Standing refers to the plaintiff's ability or entitlement to maintain an action before the court."). Plaintiff necessarily concedes that a dead person cannot sue in our courts and cannot continue a suit filed prior to death. See N.J.S.A. 2A:15-3; R. 4:34-1(b); Smith v. Cynfax Corp., 261 N.J. Super. 378, 383 (Law Div. 1992). As Vice Chancellor Bigelow noted seventy-five years ago, "[a]n earthly court has no jurisdiction over the dead. Only the living can litigate here." In re Admiral Sampson Bldg. & Loan Ass'n, 136 N.J. Eq. 292, 293 (Ch. 1945).

While plaintiff contends that Rule 4:9-3, the relation-back rule, applies to plaintiffs, as well as defendants, a point we agree with, see Siligato v. State, 268 N.J. Super. 21, 28-29 (App. Div. 1993), that begs the real question here: whether the estate's claim can relate back to a complaint wholly ineffective "to set judicial machinery in motion." When the plaintiff who attempted to set that judicial machinery in motion had been dead nearly a year, we do not think it can.

Although this precise question appears to be one of first impression in New Jersey, precedent supplies ample guidance for our decision. As our Supreme Court has explained, standing is "a threshold justiciability requirement." Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 424 (1991). "It neither depends on nor determines the merits of a plaintiff's claim." Id. at 417. Unlike subject-matter jurisdiction, which focuses on a court's legal authority to decide a controversy, Gilbert v. Gladden, 87 N.J. 275, 280-81 (1981), standing's focus is on the plaintiff's ability to invoke that authority, In re Adoption of Baby T, 160 N.J. 332, 340 (1999). "A lack of standing by a plaintiff precludes a court from entertaining any of the substantive issues presented for determination." Ibid.

Because plaintiff's death prevented her from suing in her own behalf, the complaint filed in her name by her counsel was a nullity.[1] As we have explained elsewhere, the existence of a juridical entity capable of suit is not merely a matter of form.[2] "In any suit, . . . the plaintiff must subject itself to

---

[1] Although not addressed by the parties, we question counsel's ability to file suit on Repko's behalf following her death. The attorney-client relationship ordinarily terminates on the client's death. See Smith, 261 N.J. Super. at 383. See also Bossert v. Ford Motor Co., 140 A.D.2d 480, 481 (N.Y. App. Div. 1988) (holding stipulation to substitute deceased plaintiff entered into by his counsel invalid where "agency as attorneys for the deceased plaintiff terminated upon his death and any subsequent actions by them on his behalf were null and void."); Restatement (Third) of the Law Governing Lawyers § 31(2)(b); Restatement (Second) of Agency § 120 (1958). Counsel claims Repko signed a retainer agreement, but he has not made it a part of the record. He has not asserted it empowered him to institute suit after Repko's death.

[2] The lack of an identifiable legal entity as plaintiff distinguishes this case from Siligato, where we held plaintiff's error "in identifying itself should be no less curable than an error in identifying the adversary" under Rule 4:9-3. 268 N.J. Super. at 29. We find Prime Accounting Dep't v. Twp. of Carney's Point, 212 N.J. 493, 496-97 (2013) (permitting amended complaint in Tax Court to correct misidentification of plaintiff pled in conformity with the Township's tax assessment list to relate back to original filing), to be similarly distinguishable.

In Prime Accounting, the Court addressed the apparent frequent practice of tax litigators filing complaints in real property tax appeals in the name of the entity listed on the Township's assessment list, even when it was not the true party in interest, the lawyer's client or sometimes even an existing legal entity. Id. at 516-18. The distinguishing difference between Prime Accounting and this case is that the lawyer who filed the tax appeal in Prime Accounting knew he was filing the complaint on behalf of the aggrieved taxpayer with standing and intended to file the complaint on that party's behalf, only conforming the plaintiff's name to match that listed on the

orders enforceable against itself, as well as availing itself of favorable orders. Without the presence of a plaintiff capable of both suing and being sued, relief cannot be afforded." Options v. Lawson, 287 N.J. Super. 209, 221 (App. Div. 1996).

Given the complaint Repko's counsel filed nine months after her death was ineffective "to set [the] judicial machinery in motion," Eder Bros., 880 A.2d at 143, there was nothing for the estate's complaint to "relate back" to. The "relation-back" rule cannot cure the failure to file a valid complaint in the first instance. See Williams v. Bradshaw, 459 F.3d 846, 848-49 (8th Cir. 2006) (applying state law to determine the plaintiff was not the proper party to bring wrongful a death action and therefore the district court did not err in denying the motion for leave to amend the complaint because the "complaint amount[ed] to a nullity [and accordingly] it cannot serve as the foundation for an amendment: Since the original complaint was without legal effect, there was nothing to amend."); Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) (where complaint was filed by someone

---

Township's tax assessment list. The cause of action remained the same and was brought in conformity with statutory guidelines. Here, counsel had no authority to file the complaint after his client's death, and the filing was not in conformity with the requirements of the Survivor's Act. Neither Siligato nor Prime Accounting provides support for permitting amendment of a complaint filed by a corpse.

A-2181-19T1

unauthorized to practice law, court affirmed district court finding that the complaint was a nullity and therefore could not be amended); see also Davenport v. Lee, 72 S.W.3d 85, 94 (Ark. 2002) ("[B]ecause the original complaint, as a nullity never existed, . . . an amended complaint cannot relate back to something that never existed, nor can a nonexistent complaint be corrected.").

In addition to following on the law of standing, that result is consistent with the legislative scheme designed to preserve the cause of action for the decedent's estate under the Survivor's Act. Repko's right to recover personally for the injuries she suffered in her fall at Lourdes ended at her death. See Alfone v. Sarno, 87 N.J. 99, 108 (1981). Unlike at common law, however, when "[t]he death of the plaintiff gave his representative no remedy against the tortfeasor," Smith v. Whitaker, 160 N.J. 221, 233 (1999), Repko's unfiled claim against Lourdes was not lost. Our Survivor's Act, N.J.S.A. 2A:15-3, permitted her executor, suing on behalf of her estate, to recover the damages his "testator . . . would have had if [s]he was living."

As we have recently explained, "a claim brought under the Survivor Act need not be based on tortious conduct that results in death." Warren v. Muenzen, 448 N.J. Super. 52, 63 (App. Div. 2016). "[T]he Survivor's Act

preserves to the decedent's estate any personal cause of action that decedent would have had if he or she had survived." Smith, 160 N.J. at 233.

Accordingly, Repko's estate still had a viable claim against Lourdes at Repko's death. Although not a factor here because the two-year statute of limitations under N.J.S.A. 2A:14-2(a), did not expire until nine months after Repko died, N.J.S.A. 2A:14-23.1, adopted by the Legislature in 1977, operates to toll any statute of limitations on a claim belonging to a decedent for up to six months following death for the "salutary purpose of providing executors and administrators with a limited period of time after death to evaluate potential claims available to the estate." Warren, 448 N.J. Super. at 67-68.

The remedy adopted by the Legislature to preserve a decedent's claim against a tortfeasor in the Survivor's Act addresses the fortuity the trial judge recognized of grounding a person's "right to recover for an injury to his person or estate, inflicted by a tortious act, on the contingency of the party injured surviving to the date of trial," Kern v. Kogan, 93 N.J. Super. 459, 471 (Law Div. 1967) (citing Ten Eyck v. Runk, 31 N.J.L. 428 (Sup. Ct. 1866)), or, in the case of Rule 4:9-3, the filing of a complaint. The statutory remedy being well-established and readily available, there was no need to resort to the doctrine of equitable tolling to provide the estate an avenue of relief.

Repko's counsel had no contact with his client in at least ten months leading up to the filing of the complaint against Lourdes, which she obviously was not available to authorize. Her executor delayed sending a death certificate and Letters Testamentary to counsel for five months after being informed of the suit. Their actions do not bespeak the diligence the doctrine of equitable tolling demands. See Binder v. Price Waterhouse & Co., 393 N.J. Super. 304, 312-13 (App. Div. 2007); Freeman v. State, 347 N.J. Super. 11, 31 (App. Div. 2002). Accordingly, even were equitable tolling available in these circumstances, we find no basis for its application here.

Because the complaint filed in Repko's name by her counsel nine months after her death was ineffective to invoke the court's authority to resolve the claim, leaving nothing for the amended complaint proposed by her estate three years after the accident and twenty-one months after Repko's death to "relate back" to under Rule 4:9-3, we reverse the denial of Lourdes' motion to dismiss the complaint as barred by the statute of limitations and remand for entry of an order dismissing the complaint with prejudice.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2181-19T1