(112 So. 251) .

## McALEER v. CAWTHON et al.   (1 Div. 421.)

Supreme Court of Alabama.   March 24, 1927.

Rehearing Denied April 21, 1927.

1. Bankruptcy ⊚⟶303(1)—In determining value of wife's estate, husband's distributive share in which was claimed by his trustee in bankruptcy, debts to be paid are not presumed to exist.

In action by trustee in bankruptcy of husband to recover husband's share in wife's estate, which had been assigned to children, it would be presumed in determining value of estate that there are debts to be paid, in absence of contrary showing.

2. Descent and distribution ⊚⟶86—Husband's direction to administrator to pay over his interest to children held assignment of net interest (Code 1923, § 5960).

Where husband notified bank in which wife's money had been deposited that it had been selected by distributees of her estate as administrator, and directed bank to pay over his interest to his children, direction, when accepted, operated as assignment of husband's net interest in estate, after deducting his indebtedness thereto, under Code 1923, § 5960.

3. Bankruptcy ⊚⟶172—Trustee of insolvent husband, who assigned interest in wife's estate, could recover husband's distributive share on final settlement, less amount advanced.

Where insolvent husband assigned net interest in wife's estate to other distributees, receiving in return advancement from administrator made at their request, trustee in bankruptcy was entitled to recover value of husband's distributive share on final settlement, deducting amount of advancement, where there was no other consideration, as assignment was void as to creditors.

4. Executors and administrators ⊚⟶308—Administrator, paying distributee in advance of final settlement, is not liable to distributee's creditors, unless payment has been intercepted.

Though administrator is liable to creditors of intestate who are prejudiced by payment of distributive share in advance of final settlement, no liability arises in case of creditors of distributee, unless, by some appropriate process, payment to distributee has been seasonably intercepted.

On Rehearing.

5. Executors and administrators ⊚⟶308—In suit by trustee to recover bankrupt's distributive share in estate, administrator was not liable for advancements made bankrupt, though advances antedated qualification.

Act of administrator of wife's estate in paying insolvent husband part of distributive share in advance of final settlement protected him from claim of husband's trustee in bankruptcy as to amount of advancements made, even though advancement had been made prior to qualification as administrator.

6. Executors and administrators ⊚⟶77—Qualification validates acts previously done which personal representative could have performed.

When letters testamentary or of administration are issued, they relate back so as to vest property in representative as of time of death and validate his acts done in interim which might properly have been done as personal representative.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by V. B. McAleer, as trustee in bankruptcy of James L. Cawthon, against James L. Cawthon, James L. Cawthon, Jr., Emmy Lou Wentz, Cora L. Cawthon Carmichael, and the Merchants' Bank, to declare an assignment void as being in fraud of creditors. From a decree dismissing the bill, complainant appeals. Reversed and rendered.

Lyons, Chamberlain & Courtney, of Mobile, for appellant.

Where an insolvent debtor executes a conveyance to his children for a grossly inadequate consideration, and the children are in possession of facts to put them on notice of his position and acts, a prior creditor may maintain a bill to have the conveyance set aside. Tyson v. Southern C. O. Co., 181 Ala. 256, 61 So. 278; Burnwell Coal Co. v. Setzer, 203 Ala. 395, 83 So. 139; Dothan Nat. Bank v. Moore-Handley Hdw. Co., 200 Ala. 401, 76 So. 317; Waddle v. Great Southern Phosphate Co., 184 Ala. 346, 63 So. 462; London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359. Such a conveyance is void, regardless of inadequacy of consideration, where the grantee knows of fraudulent intent. Carter v. O'Bryan, 105 Ala. 305, 16 So. 894; Boutwell v. Spurlin Mer. Co., 203 Ala. 482, 83 So. 481; Hoyt v. Turner, 84 Ala. 523, 4 So. 658; Pickett v. Pipkin, 64 Ala. 520. Where the conveyance is made to hinder, delay, and defraud creditors, and a part of the consideration is payment of an antecedent debt and part of present consideration, it is void if the fraudulent intent is participated in by the grantee. Levy & Co. v. Williams, 79 Ala. 171; Carter v. Coleman, 82 Ala. 177, 2 So. 354; Owens v. Hobbie, 82 Ala. 468, 3 So. 145.

Hogan & Mitchell, of Mobile, for appellees.

The debt of Cawthon to decedent was a proper set-off against the distributive share of the debtor. Code 1923, § 5960. A conveyance by a debtor of his property will be upheld, where the creditors could not have subjected said property to payment of their debts. Manchuria S. S. Co. v. Donald, 200 Ala. 638, 77 So. 12; Southern, etc., Co. v. Hammond, 11 Ala. App. 491, 66 So. 941; B. & P. Supp. Co. v. First Nat. Bank, 123 Ala. 203, 26 So. 311; Adkins v. Bynum, 109 Ala. 281, 19 So. 400; Fellows v. Lewis, 65 Ala. 343, 39 Am. Rep. 1. In absence of actual

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fraud, an assignment is void only as to the excess over and above what is required to pay what is due the assignee. Amer. T. & S. Bank v. O'Barr, 12 Ala. App. 546, 67 So. 794.

SOMERVILLE, J. Notwithstanding the presence of several suspicious circumstances tending to impeach the bona fides of J. L. Cawthon's indebtedness to his deceased wife, their weight is not sufficient to overcome his testimony that he was so indebted in the sum of $1,250, supported as it is by the exhibition of the canceled checks drawn by him on her bank account, and of the note executed by him to her in evidence of the debt.

[1] Her estate consisted solely of money on deposit, $2,337.05, and this debt due from her husband, $1,250. Its total amount, therefore, was $3,587.05, and the gross distributive share of J. L. Cawthon, as surviving husband, was $1,793.52. But, under the statute (section 5960, Code 1923), his debt to the estate was a set-off against his share, and independent of the statute, the administrator's duty was to apply his interest pro tanto to the payment of the debt (24 Corp. Jur. 487, § 1317, and cases cited in note 34); so that the actual net amount of his share was $543.52, subject of course to deductions for the expenses of administration, and for the payment of the intestate's debts, if any there are. It is of course not to be presumed that there are any debts to be paid by the administrator, and, no evidence being offered to show their existence, they will be disregarded as a factor affecting the value of the estate.

[2] Therefore when, on December 18, 1924 (four days after the intestate's death), J. L. Cawthon notified the Merchants' Bank (where her money was deposited) that it had been selected by the distributees of her estate for appointment as administrator thereof, and that he wished to convey his interest in the estate to his three children (joint owners of the other half of the estate), and directed the said bank to pay over his interest to them, this operated, when accepted by the bank, as an assignment to them of his net interest amounting, as stated, to $543.52.

[3] Construing this waiver and assignment along with the other document of the same date (the order to the administrator, signed by all of the distributees, to pay to J. L. Cawthon $300, and to charge it as an advancement against the distributive interests of the three children) as a single transaction, and looking through its form to its substance, it all amounted simply to this: J. L. Cawthon, knowing that his creditors would otherwise get his interest in his wife's estate, said to his children: "Give me $300 immediately in cash, and I'll renounce my right to administer, and you can have whatever is coming to me as distributee." This $300 was in fact paid to Cawthon by the administrator out of the funds of the estate. It was, in legal effect, an advancement to him, made by the consent, and upon the request of, the distributees.

[4] When an administrator voluntarily pays to a distributee the whole or a part of his share in advance of final settlement, the administrator will be liable to creditors of the intestate who are prejudiced by such payment. 24 Corp. Jur. 481, § 1304; Id. 500, § 1341. But there is no liability in such a case to creditors of the distributee, unless by some appropriate process payment to the distributee has been seasonably intercepted.

It results that the net amount of Cawthon's distributive interest in his wife's estate, when this bill was filed, was $243.52. For the release and assignment of this balance, whatever it may amount to when costs of administration and other charges, if any, have been deducted on final settlement, there was obviously no consideration paid by the other distributees, parties respondent here. The assignment was therefore void as to creditors of J. L. Cawthon.

The decree of the circuit court dismissing the bill of complaint will be reversed, and a decree will be here rendered annulling and canceling the assignment in question, and ordering and decreeing that J. L. Cawthon's distributive share in the estate of Cora Sidney Cawthon, as ascertained on final settlement, shall be paid by the said administrator to the complainant, as trustee in bankruptcy of the said Cawthon.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

SOMERVILLE, J. [5] The suggestion is made on behalf of appellant that, conceding the power of an administrator to make advances to distributees as against their creditors, which will be confirmed on final settlement, such acts on the part of an administrator, before his appointment and qualification as such, are not entitled to the same confirmation and protection. The argument is that in the case of advancements before appointment, a creditor, not knowing who would become administrator, would be powerless to protect his claim against a distributee by any sort of intervention before any advancement could be made. Theoretically, this argument is not without merit. But, practically, it will not often happen that the creditor will be unable to locate the custodian of assets belonging to the decedent; and only a custodian of the assets would be protected by the relation back of his appointment as administrator, when he has dealt with them as if he were already clothed with that authority.

[6] But, however inconvenient the results of the rule may be, it is a rule of practically universal recognition that:

"When letters testamentary or of administration are issued, they relate back so as to vest the property in the representative as of the time of death and validate the acts of the representative done in the interim; but such validation or ratification applies only to acts which might properly have been done by a personal representative, and the estate ought not to be prejudiced by wrongful or injurious acts performed before one's appointment." 23 Corp. Jur. 1180, § 400.

Our own decisions are in accord. Ward v. Bevill, 10 Ala. 197, 200, 44 Am. Dec. 478; Nance v. Gray, 143 Ala. 234, 241, 38 So. 916, 5 Ann. Cas. 55.

This being the law, it was not material that the evidence showed, if it did, that the advancement was made by the respondent bank, as custodian of money belonging to the decedent's estate, before it actually qualified as administrator.

The application for rehearing will be overruled.