The plaintiff in this wrongful death action was not issued letters of administration until more than two years after the death of his wife. However, he filed this action, based on his wife's death, within the two years allowed by the Wrongful Death Statute, § 6-5-410, Ala. Code 1975. The legal question presented is whether the failure of the probate court to issue letters of administration within the two-year period after the death requires the dismissal of a wrongful death action that was timely filed by the person later issued letters of administration.
The trial court entered a summary judgment for the defendants, holding that, even though the plaintiff, Anthony Ogle, petitioned the Clarke County Probate Court for letters *Page 708 
of administration four months after the death occurred and filed the wrongful death action within the two-year period allowed by the statute, his action was barred by § 6-5-410
because the letters were not issued by the probate court until after the two years had run. We disagree.
Margaret Ogle, the wife of Anthony Ogle, was killed on May 28, 1992, when the car in which she was traveling collided with a vehicle being driven by Raymond Gordon. At the time of the accident, Gordon was employed by Johnson Logging Company ("Johnson"), and the vehicle he was driving was owned by Johnson. On September 30, 1992, Anthony Ogle filed a personal injury action against Gordon and Johnson, based on his own injuries, and a wrongful death action based on his wife's death. In both actions Ogle alleged that Gordon had operated Johnson's vehicle negligently or wantonly and that Johnson had negligently or wantonly entrusted its vehicle to Gordon.
The following dates and events are undisputed:
May 28, 1992 Margaret Ogle was killed when the car in which she was riding collided with the vehicle driven by the defendant Raymond Gordon.
September 30, 1992 Anthony Ogle petitioned the Clarke County Probate Court for letters of administration on the estate of Margaret Ogle. He also on this date filed a wrongful death action based on Margaret Ogle's death and filed a personal injury action based on his own injuries received in the accident that killed his wife.
October 19, 1992 The defendants moved to dismiss the wrongful death action.
October 27, 1992 The trial Court denied the motion to dismiss.
November 6, 1992 The defendants answered the wrongful death complaint.
January 12, 1994 The case was set for trial this date, but it was continued. August 26, 1994 The case was set for trial this date, but it was continued.
February 1, 1995 The case was set for trial this date, but it was continued.
January 18, 1995 Anthony Ogle discovered that the probate court had not issued letters of administration to him. He asked the court to issue them and to show them as having been issued on the date his petition was filed.
January 19, 1995 The probate judge signed the order granting letters of administration to Ogle.
April 26, 1995 The defendants filed a motion for summary judgment, pointing out that on the date Ogle filed the wrongful death action he was not the personal representative.
We must first recognize that this Court has held that the wrongful death statute, which provides a two-year limitations period, is a statute of creation, otherwise known as a nonclaim bar to recovery, and that it is not subject to tolling provisions. See, Cofer v. Ensor, 473 So.2d 984, 992 (Ala. 1985); Ivory v. Fitzpatrick, 445 So.2d 262, 264 (Ala. 1984).
The plaintiff argues that because he filed his petition for letters of administration within the two-year limitations period, any subsequent action by the probate court should relate back to the date on which the petition was filed. Consequently, we must determine whether the doctrine of relation *Page 709 
back applies to our wrongful death limitations provision.
The doctrine of relation back with respect to the powers of a personal representative has been in existence for approximately 500 years,[1] and this Court first recognized it inBlackwell v. Blackwell, 33 Ala. 57 (1858). See also, McAleer v.Cawthon, 215 Ala. 674, 112 So. 251 (1927), and Nance v. Gray,143 Ala. 234, 38 So. 916 (1905). In McAleer v. Cawthon, this Court stated:
 "[I]t is a rule of practically universal recognition that:
 " 'When letters testamentary or of administration are issued, they relate back so as to vest the property in the representative as of the time of death and validate the acts of the representative done in the interim; but such validation or ratification applies only to acts which might properly have been done by a personal representative, and the estate ought not to be prejudiced by wrongful or injurious acts performed before one's appointment.' 23 Corp. Jur. 1180, § 400."
215 Ala. at 675-76, 112 So. at 251. In Griffin v. Workman,73 So.2d 844 (Fla. 1954), the Florida Supreme Court, citing this Court's opinion in McAleer, supra, discussed the doctrine and stated:
 "We think, therefore, that the issue is ruled by the ancient doctrine 'that whenever letters of administration or testamentary are granted they relate back to the intestate's or testator's death. . . . The doctrine has been accepted with virtual unanimity, since it was promulgated, in a long line of cases.' Annotation, 26 A.L.R. 1360. Under this doctrine 'all previous acts of the representative which were beneficial in their nature to the estate and . . . which are in their nature such that he could have performed, had he been duly qualified, as personal representative at the time, are validated.' 21 Am.Jur., Exec. Admin., section 211; Schouler on Wills, Executors and Administrators, 5th ed., Vol. 2, p. 1176.
 "A wide variety of acts and conduct by a party acting in behalf of an estate when he was not properly qualified have been held to be validated or ratified by his subsequent qualification as administrator. A few of the many examples that might be cited are: an advancement to a distributee, McAleer v. Cawthon, 215 Ala. 674, 112 So. 251; the sale of estate property, Shawnee Nat. Bank v. Van Zant, 84 Okla. 107, 202 P. 285, 26 A.L.R. 1349; the execution of a deed, Wilson v. Wilson, 54 Mo. 213.
 "More specifically in point, it has been held that where a wrongful death action was instituted by a party 'as administrator,' his subsequent appointment as such validated the proceeding on the theory of relation back. Archdeacon v. Cincinnati Gas Electric Co., 76 Ohio St. 97, 81 N.E. 152. In the opinion the court pointed out that the institution of suit 'was not a void performance, being an act done during the interim which was for the benefit of the estate. It could not be otherwise, for it was an attempt to enforce a claim which was the only asset of the estate. This rule is sustained by a large number of authorities, and . . . appears, also, to be just and equitable. . . . [T]he proceeding was not a nullity. It was, on the other hand, a cause pending in which, by the liberal principles of our Code, the party plaintiff, though lame in one particular, might be allowed to cure that defect and proceed to a determination of the merits.' Archdeacon v. Cincinnati Gas Electric Co., supra. . . . Followed in Anderson v. Union Pac. R. Co., 76 Utah 324, 289 P. 146.
 "Upon the same theory, it was held in Clinchfield Coal Corp. v. Osborne's Adm'r, 114 Va. 13, 75 S.E. 750, that a wrongful death action instituted by a party prior to the time he was appointed administrator may be deemed validated and ratified upon subsequent qualification of the personal representative; and in Bellheimer v. Rerucha, 124 Neb. 399, 246 N.W. 867, that an amended petition was properly filed to show appointment of a plaintiff widow as *Page 710 
administratrix after commencement of suit but before answer. The fact that the decisions cited above rested, in part, upon certain peculiarities of the pleadings does not, in our opinion, alter the force of the reasoning. Indeed, in those cases cited by the appellee in which a court has refused to uphold an action instituted by a party as personal representative prior to his qualification as such, there seems, in each instance, to have been involved the additional fact that the statute of limitations had run before the plaintiffs appointment as administrator, and that this defense, as is required under our law, had been specifically invoked by the defending party. Pearson v. Anthony, 218 Iowa 697, 254 N.W. 10; Reynolds v. Lloyd Cotton Mills, 177 N.C. 412, 99 S.E. 240, 5 A.L.R. 284. Compare Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704, at page 707; Proctor v. Schomberg, Fla., 63 So.2d 68."
73 So.2d at 846-47.
In 1993, the Alabama Legislature codified this doctrine by adopting Act No. 93-722, § 2, Ala. Acts 1993, codified at §43-2-831, Ala. Code 1975. That Act became effective on January 1, 1994. Section 43-2-831, provides:
 "The duties and powers of a personal representative commence upon appointment. The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. Prior to appointment, a person named personal representative in a will may carry out written instructions of the decedent relating to the decedent's body, funeral, and burial arrangements. A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative."
(Emphasis added.)
The defendants cite Strickland v. Mobile Towing WreckingCo., 293 Ala. 348, 303 So.2d 98 (1974), a case construing federal statutes (and holding that the plaintiff who filed the wrongful death claim was not the personal representative at the time the action was filed), for the proposition that the doctrine of relation back does not apply in this case, on the basis that the appointment, coming beyond the two-year limitations period, gave the plaintiff no capacity to sue and was a nullity and that, therefore, there is nothing to relate back to. Our decision in Strickland, however, came long before the Legislature's codification of § 43-2-831. We, therefore, overrule Strickland's holding regarding the application of the doctrine of relation back, insofar as it is inconsistent with what we hold today, but we note that Strickland correctly points out that under the doctrine of relation back one must have something to relate back to, and we note that in the present case the filing of the original petition is the event to which the appointment would relate back.
This doctrine is especially applicable in this case for the reason that the probate court has no discretion in issuing letters of administration when there is no question relating to the qualification of the person requesting the letters. The probate court had no right to delay the issuance of the letters for 27 1/2 months. Section 43-2-42, Ala. Code 1975, provides, in pertinent part:
 "Administration of an intestate's estate must be granted to some of the persons herein named if willing to accept and satisfactory to serve in the following order:
"(1) The husband or widow."
(Emphasis added.) It is well established that a probate court has no discretion in matters concerning appointment, except as to matters of qualification. In Burnett v. Garrison, 261 Ala. 622,626, 75 So.2d 144, 147 (1954), this Court concluded:
 "[T]he Probate Court has no discretion in respect to enforcing the preferential right of one to serve as administrator if he is a fit person. It may not weigh the respective qualifications of two applicants and choose between them if one of them has a statutory preference."
Likewise, in Smith v. Rice, 265 Ala. 236, 248, 90 So.2d 262,274 (1956), this Court held:
 "Priority of right to appointment given by statute, whether as executor or as administrator, is controlling so long as the one *Page 711 
having such statutory preference is not disqualified. . . ."
See also, Hollis v. Crittenden, 251 Ala. 320, 37 So.2d 193
(1948); Loeb v. Callaway, 250 Ala. 524, 35 So.2d 198 (1948);Griffin v. Irwin, 246 Ala. 631, 21 So.2d 668 (1945); Calvert v.Beck, 240 Ala. 442, 199 So. 846 (1941); Bivin v. Millsap,238 Ala. 136, 189 So. 770 (1939); Starlin v. Love, 237 Ala. 38,185 So. 380 (1938); Johnston v. Pierson, 229 Ala. 85, 155 So. 695
(1934); Marcus v. McKee, 227 Ala. 577, 151 So. 456 (1933);Murphy v. Freeman, 220 Ala. 634, 127 So. 199 (1930); andCastleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35 (1927).
It is undisputed that the plaintiff complied fully with §43-2-42, Ala. Code 1975, when he filed a petition for letters of administration in the Clarke County Probate Court on September 30, 1992, and it is undisputed that there was no question of qualification in this case. The probate court, through inadvertence, did not issue the letters of administration until January 19, 1995, the day after the plaintiff notified the court of its dereliction. That dereliction should not bar the plaintiff's action.
Based on these facts, we hold that Ogle's January 19, 1995, appointment relates back to the date he filed his petition, September 30, 1992; consequently, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and KENNEDY, BUTTS, and SEE, JJ., concur.
COOK, J., concurs in the result.
[1] J.B.G., Annotation, Relation Back of Letters Testamentary orof Administration, 26 A.L.R. 1359, 1360 (1923).