PER CURIAM.
" This case concerns the application of the relation-back doctrine to wrongful-death claims. The trial court allowed James 0. Kidd, Sr., the personal representative of the estate of Madeline Kidd, deceased, to use relation back to sustain his claims against various health-care , providers. Some of those providers — Mobile Infirmary Association d/b/a Mobile Infirmary Medical Center, Dr.' Roger Alvarado, Dr. Barbara Mitchell, and IMC-Diagnostic and Medical Clinic, P.C. (hereinafter referred to collectively as “the defendants”) — sought review of the trial court’s order by filing separate petitions for permissive appeals, which we are granting today by separate order. We reverse and remand.
While she was a patient at Mobile Infirmary Medical • Center, Madeline underwent a discectomy and fusion of her cervical spine. On November 16, 2012, Madeline died while still a patient at the medical ■ center; she died intestate. Almost two years later, on November 10, 2014, James, Madeline’s husband, petitioned the probate court for letters of administration. On November 11, 2014, one day after James had petitioned for letters of administration, he sued the defendants, alleging wrongful death and medical malpractice. The personal representative of Madeline’s estate is the proper person to bring a wrongful-death action in this case. See § 6-5-410(a), Ala.Code 1975. Despite alleging in the complaint that he was the personal representative of Madeline’s estate, James had not been appointed to that position when he filed the wrongful-death action. On November 26, 2014, 10 days after the expiration of the 2-year limitations period for filing a wrongful-death action,.the probate court granted James’s petition and issued letters of administration, making him the personal representative of the estate. See § 6-5-410(d), Ala. Code 1975 (“The action must be commenced within two years from and after the death of the testator or intestate.”).[1]
In December 2014, the defendants filed motions to dismiss or, alternatively, for a summary judgment; because matters outside the pleadings were presented to and considered by the trial court, those motions were summary-judgment motions. See Rule 12(b), Ala. R. Civ. P. In pertinent part, the defendants argued in their motions that the two-year limitations period for a wrongful-death action barred James’s action. The defendants noted that only the personal representative could bring the wrongful-death action and that James was not appointed personal representative until after the expiration of the two-year limitations period. In response, James argued that the relation-back doctrine could *1190 be used to prevent his claim from being time-barred. The trial court agreed with James and denied the summary-judgment motions. The defendants sought certifications for permissive appeals under Rule 5, Ala. R.App. P. The trial court certified the following question for permissive appeal:
“Whether a Plaintiff in a medical malpractice wrongful death action has the capacity to file suit, when that Plaintiff applies for Letters of Administration and files an action for wrongful death before the expiration of the applicable time for suit limitation, but is not appointed personal representative of the estate until 10 days after the time limitation expires.”
The defendants subsequently filed in this Court petitions for permission to appeal, which we are granting today by separate order.
We must determine whether the trial court properly allowed James to relate his appointment as personal representative, which occurred after the two-year limitations period had expired, back to his filing of the petition for letters of administration, which occurred before the limitations period expired. There are two key cases to consider in making that determination: Ogle v. Gordon, 706 So.2d 707 (Ala.1997), and Wood v. Wayman, 47 So.3d 1212 (Ala. 2010).
In Ogle, Ogle petitioned the probate court for letters of administration about four months after his wife’s death. Ogle filed a wrongful-death action on the same day he filed the petition for letters of administration. For unexplained reasons, there was a long delay in issuing the letters of administration. The probate court did not appoint Ogle as personal representative until about 27 and one-half months after the petition was filed and about 8 months after the 2-year limitations period had expired. The trial court entered a summary judgment in favor of the defendants, concluding that Ogle’s action was time-barred.
This Court reversed the trial court’s judgment, concluding that Ogle’s appointment as personal representative related back to the date he filed his petition, which was within the two-year limitations period. 706 So.2d at 711. The Court stated that “we must determine whether the doctrine of relation back applies to our wrongful death limitations provision.” 706 So.2d at 708-09. We then observed that the “doctrine of relation back with respect to the powers of a personal representative has been in existence for approximately 500 years” and quoted extensively from a 1927 Alabama case discussing relation back in that context, McAleer v. Cawthon, 215 Ala. 674, 112 So. 251 (1927). 706 So.2d at 709 (emphasis added). The Court then noted that, “in 1998, the Alabama Legislature codified this doctrine by adopting ... § 43-2-831, Ala.Code 1975.” 706 So.2d at 710. Section 43-2-831, Ala.Code 1975, provides, in part, that u[t]he powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter.” (Emphasis added.) The Court in Ogle overruled the holding in StHckland v. Mobile Towing & Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), “regarding the application of the doctrine of relation back, insofar as it [was] inconsistent with” what the Court held in Ogle, 706 So.2d at 710. StHckland was a wrongful-death case in which relation back had not been allowed. In overruling StHck-land, the Court in Ogle noted that the opinion in StHckland was released long before the enactment of § 43-2-831. Id.
Following the above analysis, the Court in Ogle also noted that the relation-back doctrine was “especially applicable” in that *1191 case because “the probate court has no discretion in issuing letters of administration when there is no question relating to the qualification of the person requesting the letters. The probate court had no right to delay the issuance of the letters for 27 1/2 months.” 706 So.2d at 710. The Court stated that the “probate court, through inadvertence, did not issue the letters of administration until [after the two-year limitations period had expired] .... That dereliction should not bar [Ogle’s] action.” 706 So.2d at 711.
The second key case is Wood, decided in 2010, 13 years after Ogle was decided. In Wood, Wayman filed a wrongful-death action shortly before the expiration of the limitations period. Although the opinion does not specifically state when Wayman petitioned for letters testamentary, the appellate record in that case indicates that she filed her petition after the two-year limitations period had expired. The probate court appointed Wayman personal representative of her deceased husband’s estate several months after the limitations period had expired. The defendants argued that the wrongful-death claim was time-barred, but the trial court concluded that Wayman’s appointment as personal representative related back either to the date of her husband’s death or the date the wrongful-death action was filed. We granted the defendants’ petition for a permissive appeal. The certified question asked whether the appointment of Way-man as personal representative in that case “can relate back to the filing of the lawsuit.” 47 So.3d at 1213. We answered that question in the negative, concluding that the action was time-barred.
In concluding that relation back did not apply in Wood, the Court distanced itself from some of the analysis in Ogle. The Court in Ogle stated that § 43-2-831 codified the relation-back doctrine with respect to actions maintained by a personal representative. Wood, however, noted caselaw stating that a wrongful-death action, although brought by the personal representative, is not derivative of the decedent’s rights and that damages awarded in a wrongful-death action are not part of the decedent’s estate (damages are distributed to the heirs according to the laws of intestate succession). Thus, the Court in Wood determined that a wrongful-death action would not be “beneficial to the estate,” a condition to allowing a personal representative to use relation back under § 43-2-831. Therefore, the Court in Wood concluded that “the relation-back provision in § 43-2-831 does not apply to a wrongful-death action brought under § 6-5-410,” 47 So.3d at 1217. Thus, the Court in Wood, distancing itself from certain language in Ogle, removed § 43-2-831 as a foundation for applying relation back to personal representatives in wrongful-death cases.
With § 43-2-831 no longer a permissible basis to support relation back in a wrongful-death case, Wood characterized Ogle as having “allowed relation back in that wrongful death case solely because of the ‘inadvertence’ of the probate court, which caused the long delay after Ogle timely filed both his petition and his complaint within four months of the decedent’s death.” 47 So.3d at 1218. The Court in Wood further stated:
“Because there must be something to which the appointment as a personal representative may relate back, the [Ogle ] Court related the appointment back to the filing of the petition for such appointment. Although Ogle’s appointment was permitted to relate back to the date he filed his petition for that appointment, nothing in Ogle supports Wayman’s argument that her appointment as personal representative of *1192 Charles’s estate relates back to the date of the filing of the wrongful-death action.”
47 So.3d at 1218-19. Thus, in Wood the Court concluded that Wayman’s claim was barred by the two-year limitations period for wrongful-death actions.
In this case, James relies heavily on Ogle in arguing that his action is not time-barred, and the defendants rely heavily on Wood in arguing that it is. Wood did not purport to overrule Ogle. However, Wood, by reading Ogle as having allowed relation back solely because of the “inadvertence” of the probate court, construed Ogle in a way that narrows the application of relation back in wrongful-death cases. Wood indicates that relation back generally cannot be used to prevent a wrongful-death claim from being time-barred where the personal representative is appointed after the two-year limitations period has expired. However, Wood also indicates that an exception to that general rule exists: A personal representative appointed after the limitations period has expired may relate the appointment back to the filing of the petition within the limitations period if the delay in appointment is due to inadvertence by the probate court, as in Ogle. We must determine whether the general rule in Wood or the limited Ogle exception applies in this case.
We conclude that the general rule in Wood applies here. Unlike Ogle, the probate court’s failure to issue the letters of administration within the two-year limitations period cannot be attributed to the probate court’s inattentiveness. In Ogle, the probate court waited about 27 and one-half months before issuing the letters of administration. In this case, James filed his petition for letters of administration six days before the two-year limitations period ended. Nothing before us shows what efforts, if any, James made to bring the impending expiration of the two-year limitations period to the attention of the Mobile County Probate Judge. The probate court issued the letters of administration only 16 days after the petition was filed, 10 days after the two-year limitations period had ended. The probate court’s delay in this case was significantly shorter than the delay in Ogle. Unlike Ogle, we cannot rightly blame the probate court for “inadvertence” or “dereliction.” Ogle, 706 So.2d at 711. Thus, James cannot use relation back in this case.
Accordingly, we reverse the trial court’s order denying the defendants’ summary-judgment motions, and we remand the case for proceedings consistent with this opinion.
1140706 — REVERSED AND REMANDED.
1140752 — REVERSED AND REMANDED.
STUART, PARKER, SHAW, and MAIN, JJ., concur.
BOLIN, J., concurs specially.
MOORE, C.J., and MURDOCK, WISE, and BRYAN, JJ., dissent.

. Because the wrongful-death act is a “statute of creation,” Ogle v. Gordon, 706 So.2d 707, 708 (Ala.1997), the limitations period in the act is not a statute of limitations. “ ‘The statute requires suit brought within two years after death. This is not a statute of limitations, but of the essence of the cause of action, to be disclosed by averment and proof.’ ” Wood v. Wayman, 47 So.3d 1212, 1218 (Ala.2010) (quoting Parker v. Fies & Sons, 243 Ala. 348, 350, 10 So.2d 13, 15 (1942) (ioverruled on other grounds by King v. National Spa & Pool Inst., Inc., 607 So.2d 1241 (Ala. 1992))). In a statute of creation, the " ‘limitation [period] is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.’ ” Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1326 (Ala.1994) (quoting Cofer v. Ensor, 473 So.2d 984, 987 (Ala. 1985)).