BOLIN, Justice
(concurring specially).
I concur with the main opinion and the result reached in it. I write specially to reemphasize that a wrongful-death action in Alabama brought pursuant to § 6-5-410, Ala.Code 1975, a cause of action unknown at common law, is purely statutory and that this Court’s role is to strictly enforce the wrongful-death statute as written, and intended, by the legislature. Golden Gate Nat'I Sr. Care, LLC v. Roser, 94 So.3d 365, 369 (Ala.2012). In other words, “[wjhere a statute enumerates certain things on which it is to operate, the statute is to be construed as excluding from its effect all things not expressly *1193 mentioned.” Geohagan v. General Motors Corp., 291 Ala. 167,171, 279 So.2d 436, 439 (1973).
In the present case, there are two specific conditional elements of the wrongful-death statute that I deem worthy of discussion. First, § 6-5-410 grants to only a legally appointed personal representative, i.e,, an administrator or an executor, the right to bring a wrongful-death action for the benefit of, and on behalf of, the decedent’s heirs at law based on the death of the decedent by a wrongful act. See Steele v. Steele, 623 So.2d 1140, 1141 (Ala. 1993)(“The Wrongful Death Act, § 6-5-410, creates the right in the personal representative of the decedent to act as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages.” (emphasis added)). To effectuate the purpose of the wrongful-death statute, the legislature had to empower some individual or entity to act as the plaintiff to initiate the proceeding to punish the wrongdoer and thereby to collect punitive damages to distribute to the decedent’s heirs at law. The legislature chose a personal representative to fill that role. Acting in this capacity, the personal representative, whether in a testate or intestate probate proceeding, prosecutes the wrongful-death action as a fiduciary for the heirs at law. This is true even in a testate estate, when the terms of the decedent’s will may well provide for an entirely different dispositive testamentary scheme than that'embodied in the statute of distributions, and, again, this is true because the wrongful-death statute so provides. Accordingly, one who files a wrongful-death action pursuant to § 6-5-410 without being properly appointed, i.e., without becoming a personal representative, has not complied with the provisions of the wrongful-death statute and therefore does not qualify" to bring the wrongful-death action. '
Secondly, § 6-5-410(d) requires that the wrongful-death action be filed “within two years from and after the death of the testator or intestate.” This Court has consistently held that “the wrongful death statute, which provides a two-year limitations period, is a statute of creation, otherwise known as a nonclaim bar to recovery, and that it is not subject to tolling provisions.” Ogle v. Gordon, 706 So.2d 707, 708 (Ala.l997)(emphasis added); Ex parte FMC Corp., -599 So.2d 592, 594 (Ala. 1992)(“It is well settled that the time limitation set out in § 6-5-410(d) is part of the substantive cause of action and that it is not subject to any provision intended to temporarily suspend the running of the limitations period. The two-year period is not a limitation against the remedy only, because after two years the cause of action expires.”); see also Cofer v. Ensor, 473 So.2d 984, 991 (Ala.l985)(diseussing the differences between a statute of creation and a statute of limitations for tolling purposes). The distinction between these types of limitations was explained at length in 34 Am.Jur. Limitation of Actions § 7 (1941), as follows:
“A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form *1194 the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. Whether an enactment is of this nature, or whether it is a statute of limitations, should be determined from a proper construction of its terms. Generally, the limitation clause is found in the same statute, if not in the same section, as the one creating the new liability, but the fact that this is the case is material only as bearing on questions of construction; it is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion may be reached if the limitation is in a different statute, provided it is directed to the newly created liability so specifically as to warrant saying that it qualifies the right. On the other hand, as the result of differences in the statutory provisions under consideration, enactments requiring notice of claim prior to the commencement of suit variously have been held to impose conditions upon the existence of a right of action, to impose upon the jurisdiction of the court, or to constitute statutes of limitation merely affecting the remedy.”
See also, e.g., In re Paternity of M.G.S., 756 N.E.2d 990, 997 (Ind.Ct.App. 2001)(“While equitable principles may extend the time for commencing an action under statutes of limitations, nonclaim statutes impose a condition precedent to the enforcement of a right of action and are not subject to equitable exceptions.”); Negron v. Llarena, 156 N.J. 296, 300, 716 A.2d 1158, 1160 (1998)(“The running of a procedural statute of limitations bars only the remedy, not the right.... In contrast, substantive statutes of limitations restrict statutory causes of action that did not exist at common law.... A substantive statute of limitations, as a condition precedent to bringing suit, bars not only the remedy, but also the right itself. 22A Am.Jur.2d Death at §§ 57, 76 (1988).”); General Motors Corp. v. Arnett, 418 N.E.2d 546, 548 (Ind.Ct.App.l981)(“It was a condition precedent that the action against G.M. be brought by someone in the capacity of the personal representative. Mrs. Arnett failed to meet that condition, because she did not have that capacity within two years of her husband’s death. She lost her statutorily conferred right to bring a wrongful death action under I.G. 34-1-1-2 and thus cannot maintain her action against G.M.”); Fowler v. Matheny, 184 So.2d 676, 677 (Fla.Dist.Ct.App.l966)(“F.S.A. § 517.21 created an entirely new right of action that did not exist at common law and expressly attached thereto, without any exception, the proviso that the action must be brought within two years from the date of sale. Such a limitation of time is not like an ordinary statute of' limitation affecting merely the remedy, but it enters into and becomes a part of the right of action itself, and if allowed to elapse without the institution of the action, such right of action becomes extinguished and is gone forever.”); Simon v. United States, 244 F.2d 703, 705 (5th Cir.l957)(“The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability.”); and Bowery v. Babbit, 99 Fla. 1151, 128 So. 801 (1930)(“[W]here a statute confers a right and expressly fixes the period within which suit to enforce the right must be brought, such period is *1195 treated as the essence of the right to maintain the action, and ... the plaintiff or complainant has the burden of affirmatively showing that his suit was commenced within the period provided.”). Accordingly, the two-year limitations period in § 6-5-410(d) was created by the legislature as part of the statutory right to bring the wrongful-death action, and, in strictly construing the statute, I conclude that nothing therein allows a plaintiff in a wrongful-death action to toll the limitations period so that his or her appointment subsequent to the expiration of the limitations period can relate back. I note that neither Rule 9(h) nor Rule 15(c), Ala. R. Civ. P., is applicable to this case insofar as this case does not implicate fictitious-party pleading. See, e.g., Ex parte FMC Corp., supra, concerning relation back in the context of Rules 9(h) and 15(c):
“Rules 9(h) and 15(c) do not combine to provide a mechanism whereby the running of any limitations period — whether the limitations provision is characterized as a statute of limitations or as part of a statute of creation — is temporarily suspended. Instead, these rules combine to provide a mechanism whereby a statute of limitations, or a time limitation provision such as the one found in § 6-5-410, can be satisfied in a case where the plaintiff has been unable through due diligence to identify by name the person or entity responsible for his injury.”
599 So.2d at 594.
I reiterate, as correctly concluded in Wood v. Wayman, 47 So.3d 1212 (Ala. 2010), that the relation-back provision in § 43-2-831, Ala.Code 1975, by its own specific language, does not apply to a wrongful-death action filed pursuant to § 6-5-410 insofar -as § 43-2-831 specifically provides that “[t]he powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter.” (Emphasis added.) As fully and adequately explained in Wood, a wrongful-death action filed pursuant to § 6-5-410 is not, and can never be, “beneficial to the estate” because
“[a]ny damages awarded as the result of a wrongful-death action are not a part of the decedent’s estate, and the action, therefore, cannot benefit the estate. ‘[Djamages awarded pursuant to [§ 6-5-410, Ala.Code 1975,] are distributed according to the statute of distribution and are not part of the decedent’s estate. The damages from a wrongful death award pass as though the decedent had died without a will.’ Steele v. Steele, 623 So.2d 1140,1141 (Ala.1993).”
47 So.3d at 1216. Put another way, a wrongful-death action must be brought by the personal representative, not any individual who may become a personal representative in the future, on behalf of the decedent’s next of kin, and any damages recovered pass outside the■ estate and are not subject to the payment of the debts and/or liabilities of the decedent; thus, the portion of § 43-2-831 allowing a personal representative to use relation back in certain instances, by its own terms, is not applicable to actions brought pursuant to § 6-5-410, such, actions not accomplishing anything for the benefit of the estate.
The case of Ogle v. Gordon, supra, relying on the fact that § 43-2-831 became effective 20 years after Strickland v. Mobile Towing & Wrecking Co,, 293 Ala. 348, 303 So.2d 98 (1974), was decided, embraced § 43-2-831 as a relation-back savior and expressly overruled Strickland regarding its holding concerning the inapplicability of the doctrine of relation back in wrongful-death/personal-representative issues. Stating a correct principle of law that “[t]he doctrine of relation back with *1196 respect to the powers of a personal representative has been in existence for approximately 500 years,” 706 So.2d at 709, Ogle then made an awkward leap from that principle to a discussion of the relation-back doctrine by the Florida Supreme Court in Griffin v. Workman, 73 So.2d 844, 846 (Fla.l954)(quoting 21 Am. Jur. Exec. & Admin. § 211, and 2 Schouler on Wills, Executors and Administrators p. 1176 (5th ed.), stating that, “ ‘[u]nder this [relation-back] doctrine “all previous acts of the [personal] representative which were beneficial in their nature to the estate ..., are validated.” ’ ” 706 So.2d at 709 (emphasis added)). From here, Ogle made its final unexplainable leap to the Alabama probate-procedures provision bearing a similarity to the above but having no relevance to the issue actually before the Court. That section, § 43-2-831, effective January 1, 1994, had absolutely nothing to do with relation back for any purpose other than acts performed prior to appointment by the personal representative, or others, that are beneficial to the estate. In my judgment, Ogle is a decision that arrived at an equitable result but that otherwise stands alone and was decided, as stated therein, “[b]ased on these facts,” i.e., that a probate court improperly failed to act on a petition for letters of administration and appointment of a personal representative for an unexplained 27 1/2 months. Rather than calling it what it was, Ogle simply made a double leap to nowhere, pulling in an inapposite statute to justify relation back to remedy a clear judicial wrong that had occurred. Accordingly, as the main opinion notes, § 43-2-831 should never have been and now is “no longer a permissible basis to support relation back.” 205 So.3d at 1191.
I further note that §§ 43-2-45 and 43-2-80, Ala.Code 1975, set out the only substantive and procedural limitations upon the granting of a petition for letters of administration immediately upon filing. Therefore, if James O. Kidd, Sr., had a good and sufficient fiduciary bond pursuant to § 43-2-80, there were no limitations in § 43-2-45 that would have prevented him from having his petition granted and letters of administration issued immediately upon filing, which occurred six days before the two-year limitations period expired. As the main opinion notes, “[n]oth-ing before us shows what efforts, if any, James made to bring the impending expiration of the two-year limitations period to the attention of the Mobile County Probate Judge.” 205 So.3d at 1192. Rather than bringing to the attention of the Mobile County Probate Judge, or to the attention of his office, the fact that the 2-year limitation on his filing a wrongful-death action would expire in 6 days unless a personal representative was appointed (as a former probate judge, I submit that if this had been done in any of the 67 counties in Alabama, the great likelihood is that there would have been no need for any relation-back argument, because the petition would have been addressed by the probate court and granted), for all the record shows the petition was simply left to be considered in the due course of the probate court’s operations, which occurred 16 days later.
In summary, in wrongful-death actions, unless and until the Alabama Legislature amends § 6-5-410, it is a duly appointed and lettered personal representative that may “commence an action [for wrongful death]” and the action • “must be commenced within two years from and after the death of the testator or intestate.” § 6-5-410. In the present case, in order to have the legal capacity to file a wrongful-death action, James had a condition precedent to obtain from the probate court his appointment as personal representative *1197 and the attendant letters of. administration and, thereafter, to file the civil wrongful-death action before the expiration of the two-year limitations period expressed in § 6-5-410(d). Because James waited almost two years to become appointed, and to file a wrongful-death action’and was not appointed personal representative ■ of Madeline Kidd’s estate until after the two-year limitations period had expired, James lacked the legal capacity to institute the wrongful-death.action on behalf of Madeline’s heirs, and his subsequent appointment after the two-year period was too late and to no avail. .Although I recognize that the result here may be unfair and/or inequitable, I emphasize that any revision of the wrongful-death statute, § 6-5-410, to provide for the possibility of the invocation of the relation-back doctrine, or any other savings provision, is within the wisdom and responsibility of the legislature and not a task- for this Court. See, e.g., Thomas v. Grayson, 318 S.C. 82, 86, 456 S.E.2d 377, 379 (1995)(“The rule prohibiting an amendment to'relate back was established when the period of limitation was a part of the wrongful death act. The limitation period has been moved from the wrongful death act to the general statute for limitation of civil actions. § 15-3-530(6). This change indicates a legislative intent to no longer consider it a condition precedent to a wrongful death action, but rather a statute of limitations that would allow the relation back of an amendment.”).