BRYAN, Justice
(dissenting).
I respectfully dissent. I find Wood v. Wayman, 47 So.3d 1212 (Ala.2010), to be problematic, and I would consider overruling it. However, that request is not before us. Regardless, I do not believe Wood precludes the application of the relation-back doctrine in this case. It appears that Wood, as the main opinion notes, indicates that the appointment of a personal representative after the limitations period has expired may relate back to the filing of the petition within the limitations period if the delay in the appointment is the result of the probate court’s “inadvertence” or “dereliction.” That was the situation in Ogle v. Gordon, 706 So.2d 707 (Ala.1997), and that is why the Court in Wood said that relation back had been allowed in Ogle. At its heart, it - appears that this standard is based on a concept of fairness — whether it would be fair to allow relation back in a particular- case.
I think the fairer solution here would be to allow the claim to proceed by applying the doctrine of relation back. James O. Kidd, Sr., filed both his petition for letters of administration and his complaint six days before the end of the two-year limitations period. The probate court appointed James' administrator 16 days later — 10 days after the limitations period had expired. Like Ogle, this case involves a straightforward petition for letters of administration. It is quite plausible that the probate court could have appointed James administrator within the limitations period, and he should not be penalized because the probate court did not. I conducted an electronic-database search of relatively recent Alabama cases in which I could determine the length of the delay between the filing of a petition for letters of administration and the granting of the petition. Of the first 12 such cases found, an administrator was appointed on the same day as *1206 the petition in 5 cases. In the other 7 cases, the delays ranged from 3 to 31 days, and the average delay for all 12 eases was approximately 7.3 days.[11]
Had the probate court appointed James as administrator within six days of his filing the petition, his claim would have been safe. See Ellis v. Hilbum, 688 So.2d 236 (Ala.1997) (stating that, in a wrongful-death action, when a complaint is timely filed and letters of administration are later granted to the plaintiff within the limitations period, the plaintiff may use relation back under Rule 17(a), Ala. R. Civ. P., to amend the complaint). It would not have been unusual for a probate court to have acted that promptly. Of course, the relation-back exception in Ogle for the “inadvertence” or “dereliction” of the probate court involved a long delay by the probate court, which is absent in our case. However, because, under Wood’s characterization of Ogle, we will allow relation back based on a probate court’s mere delay, I think even a short delay should fairly permit the application of the doctrine to avoid a plaintiffs claim hinging on the luck of the draw. An overworked probate court may take longer to resolve cases than a neighboring probate court with a smaller workload. A claim should not depend on whether the probate court processes a petition quickly enough; the law should be more certain and equitable than that.
Thus, I believe the trial court properly allowed the appointment to relate back to the filing of the petition for the letters of administration, which was filed within the two-year period.

. I say "approximately” because in one case the exact number of days is unclear but is no more than five; I used five days for purposes of averaging the days. The 12 cases are: Diversicare Leasing Corp. v. Hubbard, 189 So.3d 24 (Ala,2015) (6 days); Richards v. Baptist Health Sys., 176 So.3d 179 (Ala.2014) (22 days); Ex parte Grant, 170 So.3d 652, 654 (Ala.2014) (no more than 5 days); Ingram v. Van Dali, 70 So.3d 1191, 1193 (Ala.2011) (same day); Allen v. Estate of Juddine, 60 So.3d 852, 853 (Ala.2010) (same day); Affinity Hosp., L.L.C. v. Williford, 21 So.3d 712, 713 (Ala.2009) (same day); Bolte v. Robertson, 941 So.2d 920, 921 (Ala.2006) (same day); Boyd v. Franklin, 919 So.2d 1166, 1167 (Ala.2005) (12 days); Douglas v. King, 889 So.2d 534, 535 (Ala.2004) (same day); Flannigan v. Jordan, 871 So.2d 767, 768 (Ala.2003) (9 days); Smith v. N.C., 98 So.3d 546, 547 (Ala.Civ.App. 2012) (31 days); and Eustace v. Browning, 30 So.3d 445, 447 (Ala.Civ.App.2009) (3 days).