MURDOCK, Justice
(dissenting),
I agree with the main opinion that § 43-2-843(17), Ala.Code 1975, does not authorize a personal representative to delegate to another person the authority to bring a wrongful-death action, I also agree that, having concluded that the wrongful-death action brought by William Corey Howard (“Corey”) in this case is a nullity under this Court’s holding in Ex parte Hubbard Properties, Inc., 205 So.3d 1211 (Ala.2016), the Court acts appropriately to address the issue of the applicability of § 43-2-843(17) in the manner that it does.
As regards the latter point, it was not on the basis of § 43-2-843(17) that the trial court denied the defendants’ motions for a summary judgment. Whether the applica *426 bility of § 43-2-843(17) was raised in the respondent’s brief or not, therefore, it may be considered by this appellate court as an alternative basis for affirming the trial court’s decision to deny the summary-judgment motions if, but only if, this Court can decide that it constitutes an alternative valid, legal ground for affirming the trial court’s decision that can be addressed without violating the petitioners’ due-process rights. That is, it could provide a basis for affirming the trial court’s decision if this Court could decide (a) as a matter of law that it represents a (b) valid ground for affirming the trial court’s decision and that our invocation of it (c) does not implicate due-process concerns. See Pavilion Dev., L.L.C. v. JBJ P’ship, 979 So.2d 24 (Ala.2007); Liberty Nat’l Life Ins. Co. v. Univ. of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003).
In this case, the Court decides that this ground does not represent a “valid” legal ground for affirming the trial court’s decision. That is, the factual issue whether Michael Darrick Howard did in fact authorize Corey to act as his agent in bringing a wrongful-death action against the defendants need not be reached because of the main opinion’s negative answer to the purely legal question whether § 43-2-843(17) would be applicable even if such an authorization had occurred as a factual matter. And given the procedural history of this case, I see no due-process implications to the Court’s having considered the question.
That said, however, I must dissent in this case because of my disagreement with the premise that the complaint here was a “nullity.” It was based on my disagreement with the notion that a complaint similar to the one at issue here was a “nothing” that I dissented in Hubbard Properties, the decision upon which the main opinion primarily relies, as well as in Alvarado v. Estate of Kidd ex rel. Kidd, 205 So.3d 1188, 1200 (Ala.2016) (Murdock, J., dissenting) (urging a return to the holding in Ogle v. Gordon, 706 So.2d 707 (Ala.1997)), Richards v. Baptist Health Sys., Inc., 176 So.3d 179, 179 (Ala.2014) (Murdock, J., dissenting), and Wood v. Wayman, 47 So.3d 1212, 1220 (Ala.2010) (Murdock, J., dissenting).